### HUNTINGTON v. FISHER.

1. Bond: REQUISITES OF. A bond for the delivery or return of property is not invalid because it fails to recite the time, terms or conditions upon which the delivery or return is to be made.

2. —— FOR SECURITY OF PERSON NOT NAMED: PRIVITY. Where a bond given for the primary security of one person, also contains a clause intended for the security of another person, suit may be brought by the latter, though not named in the bond, if he sustains an injury in consequence of a breach thereof.   Rev. §§ 2757, 2787.

*Appeal from   General Term Tenth District.*

TUESDAY, JUNE 15.

FROM the petition we have this case :

Plaintiff is the general agent of the "Iowa Central Insurance Co.," and appointed one Knowles local agent, exacting from him a bond, with surety as required by the rules of the company.

This bond was signed by Knowles and this defendant, as surety, and was conditioned to faithfully account for all funds received belonging to the company, etc., the honest discharge of duties, and in conclusion contained this clause: "This bond is also holden for a horse left with J. W. Knowles, belonging to J. B. Huntington."

It is alleged that this horse was delivered to Knowles to use in traveling as such agent ; that he was to remain the property of plaintiff until paid for (the price fixed being $100) ; if not paid for he was to be returned ; that

the $100 has not been paid, nor the horse returned; that Knowles has sold the horse and refuses to account therefor, or for the value, etc.

To the petition there was a demurrer, the second and fourth grounds of which (the only ones relied on in this court) are substantially as follows: *Second,* bond void for uncertainty, contains no conditions, fixes no time, defines no penalty nor time nor condition upon which the horse is to be returned; *fourth,* want of privity, of acceptance by plaintiff, etc.

The demurrer was sustained by the District Court as to the fourth ground, and both parties appealed to the General Term. In that court (one of the judges having been of counsel and taking no part) the judges were divided in opinion, and the judgment below stood affirmed. Plaintiff now appeals.

*Elijah Odell* and *S. T. Woodward* for the appellant.

*Noble & Pierce,* for the appellee.

WRIGHT, J.—It is not the office of a bond to show a breach of its conditions. Nor is it essential that it shall

1. BOND: requisites of.

recite the terms or conditions upon which a particular act is to be performed. Indeed, one may be held as the surety of another upon a written contract, without conditions. And this is apparently the nature of the obligation now in suit. In effect this is the fair construction of the language used. Defendant undertook to stand as the surety of Knowles for the return of a horse left with him by plaintiff. It was not necessary to recite when, where, or upon what conditions the return was to be made.

The point upon which the case was ruled by the District Judge, however, and that upon which there was dis-

2. —— for secur-
ity of person
not named:
privity. agreement in the General Term, arises upon the *fourth* ground of the demurrer. And, indeed, it is quite apparent that this is the point upon which the case must turn. And here we feel constrained to hold that the demurrer was not well taken. The privity of contract is not disturbed by the fact that the bond is for the security of two persons, nor by the thought that it was given for the primary security of the insurance company. Our statute declares that, when a bond or *other* instrument given to any person is intended for the security of particular individuals, suit may be brought thereon in the name of any person intended to be thus secured, who has sustained any injury in consequence of a breach thereof (Rev. § 2787). And under this statute, upon the facts stated in this petition, plaintiff could have maintained this action, though his name had not been mentioned or recited in the bond. And certainly the right is clearer when his interest in the property is disclosed upon the face of the undertaking. He is a " person intended to be secured " thereby, and shows affirmatively that he has " sustained injury in consequence of a breach thereof." A stronger or clearer case of right, to me, of an interest direct, immediate and original, could not well arise.

The consideration for the undertaking moved directly from plaintiff. It was new and distinct, received not from the company, but from plaintiff, and hence, aside from the language of the instrument, it asserting nothing to the contrary, the law implies a promise to him. Not only so, but conceding that the contract is in the name of the insurance company — yet as, by the averments of the petition it was in part for the benefit of plaintiff — he would clearly have the right to sue thereon in his own name. Rev. §§ 2757, 2758, and notes thereunder, and particularly *Hastings* v. *McKinley*, 1 E. D. Smith, 273 ;

*Erickson* v. *Compton*, 6 Pr. R. 471; and see, also, *Cottle* v. *Cole*, 20 Iowa, 486; *Rice* v. *Savery*, 22 id. 470; *Corning* v. *Snow*, 11 Mass. 415; *Conyngham* v. *Smith*, 16 Iowa, 471; *Watson* v. *Hunkins*, 13 id. 549; Miller's Pl. & Pr. ch. 2, 32, *et seq.*

Reversed and remanded.