LOVE v. WELCH *et al.*

Tax sale and deed: POSTPONEMENT OF SALE. A tax deed which recites that the sale was begun on the first Monday of December instead of the first Monday of October, is not void on its face, as showing that the sale was made at a time not authorized by law. The presumption is that the causes recognized by the statute (Rev., § 776), for commencing the sale on the first Monday of some month

subsequent to October existed, and the *onus* is upon the party attacking the deed to show the contrary. Following *Eldridge* v. *Kuehl*, 27 Iowa, 160.

*Appeal from Johnson District Court.*

WEDNESDAY, FEBRUARY 21.

ACTION in equity to set aside a tax deed made to Sarah F. Ransom, for N. W. ¼ of S. E. ¼, of section 6, township 79, range 7, in pursuance of a sale had on the 7th day of December, 1863. The defendant, Michael Welch, for answer denies plaintiff's ownership of the land, and avers that defendant is owner through a conveyance from Sarah F. Ransom to George Miller, and of George Miller to Welch. In a cross-bill Welch asks that the title may be quieted in him.

The defendant Welch, by way of amendment to cross-bill, alleges a subsequent sale of said land on October 14, 1867, for the taxes of 1866, to S. T. Ransom, an assignment of the certificate of purchase to himself, and a treasurer's deed therefor May 1, 1871.

The cause was tried by the court and a decree entered dismissing plaintiff's petition, and granting the prayer of the cross-bill. Plaintiff appeals.

*Charles W. Baker* and *Gaston & Williams* for the appellant.

*Clark & Haddock* and *Edmonds & Ransom* for the appellees.

DAY, J. — The deed of date December 21, 1866, is in all respects in the form prescribed by law, but it recites that the sale was made at a sale begun on the first Monday of December, 1863, instead of the first Monday of October. Herein exists all the objection which is made to said deed. It is not claimed that the sale could not properly be made

on the first Monday of December. See Rev., § 776; *Eldridge* v. *Kuehl*, 27 Iowa, 160. The position of appellant is that it is the duty of the party claiming under the tax deed to show affirmatively the existence of some cause recognized by section 776 of the Revision, as a sufficient reason for commencing the sale upon the first Monday of some month subsequent to October. This position is erroneous. The law authorizes the sale, under certain contingencies, to be made on the first Monday of December. The deed is at least *prima facie* evidence that all the pre-requisites of the law have been complied with. Rev., § 784; *McCready* v. *Sexton & Son*, 29 Iowa, 356.

If, therefore, the non-existence of the conditions prescribed in section 776, can, in any event, be shown to defeat the tax title, the burden of proof is upon the party who assails the deed. As the tax deed of December 21, 1866, is valid, it is unnecessary to inquire into the sufficiency of the subsequent one of May 1, 1871.

There is no error in the judgment of the district court.

Affirmed.