## GENTHER v. FULLER.

1. **Tax sale and deed: FORECLOSURE OF TITLE: JURISDICTION.** In a proceeding to foreclose a tax-title under the Code of 1851, notice by publication was insufficient to confer jurisdiction which fixed the time at which defendant was required to appear at a date prior to the publication itself.

2. —— **DEED AS EVIDENCE.** A tax deed is, under our statute, *prima facie* evidence of the fact of assessment, and this *prima facie* case is not overcome by the introduction of the assessor's book in which it does not appear who the assessor was, whether he qualified before entering on the discharge of his duties, nor when the assessment was made. The omitted facts may be shown by other evidence than the assessment book.

3. —— **ILLEGALITY OF PART OF TAX.** That a *part* of the taxes for which the land was sold were illegal will not render the sale invalid. Following *Parker* v. *Sexton & Son,* 29 Iowa, 421; *Eldridge* v. *Kuehl,* 27 id. 160; Rev., § 762.

4. —— **EXECUTION OF SECOND DEED.** The treasurer may execute a second deed in accordance with the facts for the purpose of correcting a mistake in the recitals of the first deed as to the manner of sale. Following *McCready* v. *Sexton & Son,* 29 Iowa, 356.

*Appeal from Chickasaw District Court.*

MONDAY, JUNE 16.

ACTION in chancery to set aside certain tax deeds to lands described in plaintiff's petition, on the ground of the irregularity and insufficiency of the proceedings upon which they are based, and to quiet plaintiff's title to the property involved in the action. The district court denied the relief sought, and plaintiff appeals. The facts involved in the points ruled are stated in the opinion.

*Powers & Kenyon* for the appellant.

*A. G. Case* for the appellee.

Genther v. Fuller.

BECK, Ch. J. — The plaintiff claims title from the government to the land in controversy. The defendant's title rests upon two sales for taxes and deeds made thereunder. The sufficiency of these deeds, and the tax proceedings upon which they are based to divest plaintiff's title, involves the questions arising in this action.

1. TAX SALE
AND DEED:
foreclosure.

I. The land was sold in 1857 for the taxes of 1856, to McAlpine, who instituted proceedings under the law then in force to foreclose redemption under his deed, and a decree to that effect was rendered November 28, 1860. McAlpine conveyed his interest in the land acquired under this foreclosure to Plumb, who, on the 2d day of March, 1869, transferred, by deed of quit-claim, his title therein to defendant. On the 4th day of February, 1862, defendant purchased the land at a sale for the taxes of 1860. The land at this sale, as well as at the former one, was sold in forty-acre tracts. The deeds made in 1865, under the last sale, included many other tracts besides the one in controversy; but in 1867, other deeds were made to the land in forty-acre tracts, showing the sale to have been made in the same way. The last deeds were executed to correct errors in the first.

It is sufficient briefly to remark, that we regard the title under the sale of 1857 as void. The notice made by publication was insufficient to give the court jurisdiction, inasmuch as it did not inform the defendant upon what day or at what term of the court he was required to appear and defend the action; the day fixed in the notice for the appearance of defendant being a date long prior to the publication itself, and therefore impossible.

2. — deed as
evidence.

II. We will proceed with an inquiry in regard to the validity of defendant's title under the second tax sale.

1. It is claimed that there was no assessment of the lands for the year 1860, the land having been sold for the delinquent taxes of that year. The deed is evidence, though not conclusive evidence, of the assessment. *McCready* v. *Sexton*

*& Son*, 29 Iowa, 357. In our opinion the *prima facie* case made by the deeds in support of the assessment is not overthrown by the other evidence on that point found in the abstract. The assessor's book for 1859 (the assessment for that year under the statute, standing for the next) does not show who was the assessor, whether he was qualified before entering upon the discharge of his duties, nor when the assessment was made. Conceding that the assessment book ought to show all of these things, it certainly cannot be claimed that if it is silent as to them they may not be shown by other evidence. There is no evidence to show that there was no assessment, that there was no assessor, or that the assessor was not qualified.

All that can be said is, that the assessment book does not show these facts and matters. It by no means amounts to proof of their non-existence. The fact that these matters do not appear in the assessment book does not overcome the evidence borne by the deed of their existence. It would be otherwise if the assessor's book were the *only* evidence, *other* than the deed, which the law would receive to establish the facts in question.

2. It is also objected that the assessor's book offered in evidence by plaintiff was not sufficiently identified. The same course of argument disposes of this objection. The deed is evidence of the assessment. Certainly the fact that a book claimed to be the assessor's book, which is not sufficiently identified as such, cannot overthrow the evidence presented by the deed that there was, in fact, an assessment.

III. The record of the levy for 1860 shows that only the county and school taxes were levied. No objection to the form

3. —— illegality of part of tax. of this levy is made. It is, however, insisted that it is defective and insufficient because State taxes were not included. Conceding that the State and other taxes, except the county and school tax, were illegal for the want of a sufficient levy, yet a part of the taxes, the county and school, were levied and were legal. The illegality of a part of the taxes will not render the sale void when the other taxes for

which the land was sold were legal. Rev., §§ 753, 762; *Parker* v. *Sexton*, 29 Iowa, 421; *Eldridge* v. *Kuehl*, 27 id. 160.

IV. The first deeds made under the sale of 1862 being irregular and insufficient, the treasurer was authorized to make the second and corrected deeds in accordance with the facts shown by the record of sales. The sale of 1862 disposed of the lands in forty-acre tracts, as appears by the record; the second deeds were made to correspond therewith. *McCready* v. *Sexton & Son*, 29 Iowa, 356.

4. —— exclusion of second deed.

V. Plaintiff's counsel insist that defendant can acquire no interest in the land by his purchase under the sale of 1862, because he was at that time the holder of the title, as the grantee of Plumb, under the sale of 1857; that although that title is void, yet as a grantee of the purchaser he held a lien on the land by virtue of the purchase for the amount thereof, and under this state of facts he could not acquire the title by a subsequent purchase at tax sale and by a deed made thereon.

The fault with this position is, that it is not supported by the facts. The evidence does not show that defendant held the title under the sale of 1857, at the time he received the tax deeds under the sale of 1862. We are relieved of the necessity of examining the correctness of the principle of law involved in counsel's position.

VI. Plaintiff maintains that the levy of taxes for 1860 was insufficient, not having been made by the proper officers. But the abstract does not support the facts upon which this objection is based. It appears that there was a sufficient levy.

We have noticed all the points made by appellant, and find no error in the case.

Affirmed.