## EASTON v. SAVERY ET AL.

1. **Tax Sale:** ASSESSMENT: EVIDENCE. While the tax deed is *prima facie* evidence of the fact and regularity of the assessment, yet the case thereby made is overcome by the introduction of the record of the board of supervisors which fails to show an assessment, provided the record be complete and free from mutilation.

2. ———: LEVY: WHEN MADE AT THE WRONG TIME. The statute which required that the board of supervisors should levy the requisite taxes at their September session was directory merely, and the fact that the levy was made at the June session was *held* to be an act of *misfeasance* not invalidating the levy.

3. ———: EQUALIZATION: MUTILATION OF RECORD. The record of the board of supervisors being incomplete, its failure to show that there was an equalization by the board did not affect the validity of the tax.

4. ———: TIME OF: POSTPONEMENT. A tax deed which recites that the sale took place on the first Monday in November is not for that reason void. Following *Eldridge v. Kuehl*, 27 Iowa, 160.

*Appeal from Sioux District Court.*

TUESDAY, DECEMBER 5.

THE plaintiff claims to be the absolute owner of certain lands, and asked in his petition that defendants be barred from setting up or claiming any right or title thereto. The title of the plaintiff is based on a tax sale made on the 1st day of November, 1869, for the taxes of 1868. The defendants claim the tax sale and deed to be void. There was a trial to the court, and judgment rendered in favor of the plaintiff, and the defendants appeal.

*Joy & Wright*, for appellants.

*J. J. Bell*, for appellee.

SEEVERS, CH. J.—I. It is objected that there was no assessment, and that, therefore, there could be no legal and valid sale of the premises.

· The tax deed is *prima facie* evidence there was an assessment made at the proper time and manner. *Mc-Cready v. Sexton & Son,* 29 Iowa, 356; *Genther v. Fuller,* 36 Iowa, 604.

**1. TAX sale: assessment: evidence.**

In *Early v. Whittingham,* 43 Iowa, 162, we held the *prima facie* case made by the deed, that there had been a levy, was overcome by the introduction of the record of the board of supervisors, which failed to show any levy. It was shown, however, that the records were full and complete, that is to say, there was no evidence tending to show the records had been in any manner mutilated.

Conceding the same to apply as to the assessment, we turn to the evidence for the purpose of determining whether the *prima facie* case made by the deed has been overcome.

The minute book of the board of supervisors shows that on the 14th day of January, 1868, one Reamor's bond as assessor was accepted. The auditor testified he was unable to find in the minute book anything further in reference "to assessor, or his return of any assessment lists or anything connected with his duties."

It is required by law that the assessor shall return the assessment book to the county auditor. Code, § 825. But we are aware of no provision of the Code, or of the law in force in 1868, that required any notice whatever to be taken of such fact in the minute book or that an assessment had been made. On the 1st Monday in June, 1868, the board of supervisors made a levy of taxes " on the taxable property in said county," and the auditor testified he had been such since January, 1874, "and that he had found a great deal of confusion existing in the records in his office. That he had made an examination and was unable to find any assessment list for the years 1867 and 1868, in his office. Such being the evidence we are constrained to say that it is not sufficient to overcome the *prima facie* case made by the deed.

The fact that the assessor's bond was approved tends to prove that he entered upon the discharge of his duties, and the levy tends to show that the supervisors had the assessment lists before them. Then the fact that there is great confusion

existing in the records aids the conclusion the assessment lists have been lost or mislaid. Besides this, the knowledge the auditor has of the records begins six years after the assessment lists should have been filed in the auditor's office.

If no assessment was in fact made, we are of opinion it could have been shown more clearly than has been done, although the fact to be proved is negative in its character.

II. It is next objected there was no levy of taxes. Stated thus broadly the proposition is not true. There was a levy but it was not made at the time required by law. Sec. 746 of the Revision provides that the board of supervisors at their regular session in June, in each year, shall levy the requisite taxes, and Sec. 2, Chap. 24, of the acts of the extra session of the Eighth General Assembly, provides that such levy shall be made at the September session of the board. This law was in force at the time the levy was made, but it was made at the June instead of the September meeting, and the question is whether this fact renders the taxes void or amounts to no levy. While the statute provides the levy shall be made at the September meeting, it is entirely silent as to whether it may be done at any other time or not. There are no negative, or words prohibiting the levy from being made either before or after the day fixed by the statute, nor is there any penalty attached for a failure to make the levy on the required day, or rendering it void if made at any other time.

Is this statute directory or mandatory? If the former the levy is valid, if the latter void.

No rule applicable to all cases can, perhaps, be laid down. In the recent case of *French v. Edwards*, 13 Wall., 506, it is, however, said: "There are undoubtedly many statutory requisitions, intended for the guide of officers in the conduct of business devolved upon them, which do not limit their power, or render its exercise in disregard of the requisitions ineffectual. Such, generally, are requisitions designed to secure order, system and despatch in proceedings, and by a disregard of which rights of parties interested cannot be injuriously affected. Provisions of this character are not usually regarded as man-

*2. ———: levy: when made at the wrong time.*

datory unless accompanied by negative words importing that the act shall not be done in any other manner or time than that designated. But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory." That this is a correct exposition of the law on this subject, we have no doubt.

There being no negative words in the statute, nor penalty attached if the levy was made on any other than the prescribed day, it becomes necessary to determine whether the defendants were in any manner prejudiced by the levy being made in June instead of September.

The only right the defendants had in connection with the levy was that they could appear before the board of supervisors, when acting as the board of equalization, at their meetings in June and next succeeding the general election in each and every year, and have the assessment of their property "corrected in such manner as to said board shall seem just and equitable." Rev., § § 739, 740.

This law was amended so that they could only so appear before the board at their June session. Chap. 24, § 3, Acts of the extra session of the 8th General Assembly.

The board was in session in June at the time appointed by law, and the defendants could then have availed themselves of their right to have the assessment corrected. It was the only day this right could have been exercised.

If the levy had been made in September, the defendants had no right to be then present, and could have accomplished nothing if they had been. How, then, can it be said they were prejudiced by the levy being made at the time when, by law, the defendants had the right to appear before the board? It is obvious, unless the defendants lost some rights thereby, it is perfectly immaterial to them on what day the levy was made. Had they sought to enjoin the sale because the levy was made in June instead of September, we are clearly of the opinion an injunction should have been denied, for the reason if no other, that the effect would have been to set aside the

whole taxes of the county; and certainly the interests of the county would require that this should not be done unless prejudice could be shown.

No. one should be at liberty to plant himself upon the non-feasance or misfeasance of officers under the revenue law, which in no way concern himself, and make them the excuse for a failure on his part to perform his own duty. Cooley on Taxation, 215.

It was the duty of defendants to pay their taxes, and it is no excuse that the officers did not strictly perform their duty, unless, as we have said, defendants were prejudiced thereby. § 739 of the Revision, as amended by Chap. 24, § 3, of the Acts of the extra session of the 8th General Assembly, in substance provides that the board of supervisors at their June meeting shall add to the assessment any taxable property not included in the assessment as returned by the assessors. Where the supervisors omitted such duty at the June meeting and performed it at their September meeting, their action was held to be legal for the reason that the law under which they acted was directory. *Hill et al. v. Wolfe et al.*, 28 Iowa, 577.

This decision having been made under this same law, the same rule then established must prevail unless there is a distinction between a levy made before and after the day fixed by statute. Our attention has not been called by counsel to any adjudicated case so holding, and our own researches have been unavailing in this respect.

On principle we cannot see why such fact should make any difference. The defendants were not prejudiced thereby, as we have seen.

The act was no more prohibited before than after the day.

III. It is objected that the records fail to show there was any equalization of taxes by the board of supervi-
3. ———: equal-ization; muti-lation of rec-ord. sors, as provided by law. The auditor testified that the minute book of the board failed to show any equalization of taxes for the year 1868. The auditor further testified the book showed on its face that it had been mutilated to at least some extent.

Whether any leaves had been in fact taken from the book

between the record of the June meeting and one held in October, is, to say the least, left in doubt by the testimony of the auditor. The book was introduced in the court below, and an examination of it no doubt aided the court very materially on this question.

This book is not before us, and therefore we cannot say the court came to an incorrect conclusion as to this question of fact.

It is therefore unnecessary to determine what effect it would have on the tax title provided the records had been unmutilated, and failed to show there had been an equalization.

IV. It is lastly objected that the sale was made on the first Monday in November, and there is no record of any sale on 4. ——: time the first Monday in October, or an adjournment of: postponement. of the sale to the first Monday in November. This question has been decided adversely to the defendants in *Eldridge v. Kuehl*, 27 Iowa, 160; *Sully v. Kuehl*, 30 Iowa, 274; and *Love v. Welch*, 33 Iowa, 192.

The judgment of the District Court must be

AFFIRMED.