## HINTRAGER v. KIENE ET AL.

| 62 | 605 |
| 88 | 342 |
| 62 | 605 |
| 93 | 744 |
| 62 | 605 |
| 96 | 717 |
| 62 | 605 |
| 108 | 217 |
| 62 | 605 |
| 110 | 523 |
| 62 | 605 |
| 119 | 287 |
| 62 | 605 |
| 142 | 533 |

1. **Tax Deed:** ACTION TO QUIET TITLE UNDER: PRESUMPTION THAT TAX WAS DULY LEVIED: EVIDENCE TO REBUT. In an action to quiet the title to a lot under a tax deed, made pursuant to a sale for a special tax levied by a city for sidewalk purposes, the tax deed was *prima facie* evidence that the tax was duly levied; but this presumption was fairly rebutted where it appeared that, under the charter and ordinances of the city, the levy, if made, should appear of record in a book kept in the office of the city recorder for the purpose of showing the proceedings of the city council, and such book, being produced, duly authenticated and unmutilated, and covering the time when the levy should have been made, contained a record of certain action of the council in relation to the sidewalk in question, but no record of the levy of the tax on which the tax deed was based. It was not necessary, to rebut the presumption raised by the deed, to show also that a certain "minute book," which might have contained a memorandum of the levy, did not; as that was a book in the nature of a private memorandum, not provided for by law.

2. ———: ———: INCOMPETENT EVIDENCE OF LEVY. In such case, a paper purporting to be a resolution of the city council for the levy of the tax in question, indorsed "adopted" in the handwriting of the city recorder at the time, is not competent evidence of the levy, not being such a record as the law provides.

3. ———: ———: EVIDENCE OF DEFENDANT'S TITLE. While it is provided by statute that "no person shall be permitted to question the title acquired by a treasurer's deed, without first showing that he, or the person under whom he claims title, had title to the property at the time of

the sale," yet, where the persons questioning the tax title are allowed to testify that they were the owners of the property at the time of the sale, and are not required to produce the record evidence of their title, this is a sufficient basis for the introduction of other evidence assailing the tax title.

#### UPON REHEARING.

4. **Practice in Supreme Court:** PRESUMPTION IN FAVOR OF COURT BELOW. Every reasonable presumption is to be entertained in favor of the ruling of the court below; and where a judgment against plaintiff for costs was erroneous only upon the supposition that defendant paid certain money into court *after* a certain date, and it does not appear from the record at what date the money was paid, the judgment cannot be disturbed.

### *Appeal from Dubuque Circuit Court.*

#### SATURDAY, DECEMBER 15.

ACTION to quiet title to lot 245 in the city of Dubuque. The plaintiff claims under a tax deed executed to him by the treasurer of the city of Dubuque, in pursuance of a tax sale purporting to be made upon a special tax for laying a plank sidewalk in front of the lot. The defendant, Kiene, claims to be the owner in fee simple of the south half of the lot, and the defendant, Zumhoff, of the north half. They both deny the validity of the tax sale, and deny that there was ever any levy of the alleged special tax; and they ask that their respective titles be quieted. Decree was rendered for the defendants. The plaintiff appeals.

*Robinson & Powers*, for appellant.

*Fouke & Lyon* and *McCeney & O'Donnell*, for appellees.

ADAMS, J.—The plaintiff introduced in evidence a tax deed, which purported to be executed in pursuance of a tax sale, made for a special tax levied in 1868. The deed thus introduced became by statute *prima facie* evidence that the levy was made as therein recited. So far there is no controversy. After the introduction of the tax deed by the plaintiff, the defendants introduced evidence for the purpose of showing that

1. TAX deed: action to quiet title under: presumption that tax was duly levied: evidence to rebut.

no levy was in fact made. The controversy arises upon the question as to whether the defendants' evidence was sufficient to establish such fact.

If the levy was made, the action of the city council in making it should appear of record in a book kept in the office of the city recorder for the purpose of showing the proceedings of the city council. City Charter, Sec. 12, Laws of 1857; Revised Ordinances of 1861. It may be that the absence of all record of a levy would not conclusively show that none was made. But absence of the record of a levy is a circumstance tending to show that none was made, and it may be sufficient to overcome the *prima facie* evidence of the deed. *Early v. Whittingham*, 43 Iowa, 167. It is true that the proof that certain books do not show a record of a levy would not necessarily be sufficient evidence that there is no record. It would not be sufficient, if the books produced were mutilated, *Easton v. Savery*, 44 Iowa, 654; or if the books produced did not appear to be authentic or sufficiently identified, *Genther v. Fuller*, 36 Iowa, 606; or if for any reason there was ground for supposing that there might be other books. In the case at bar, a book was introduced, which appears without question to be the record of the proceedings of the city council for the year 1868. The plaintiff himself, indeed, relies upon this book in part. It shows certain action of the council in relation to the sidewalk in question, but there is no pretense that it shows a levy of the special tax. The plaintiff insists that there is no sufficient evidence that it does not. But we think that there is. The recorder testified in substance that he had made an examination and found no record of a levy. It is true, his attention appears to have been confined to the year 1868, and it is suggested that perhaps there was a levy made before that time. But the deed recites no levy, except as made in 1868, and, what is more, the proceedings shown by the book, and relied upon in part by the plaintiff, were had in 1868, and were proceedings preliminary to a levy. We think that there was sufficient

evidence of the absence of the record of a levy to raise the presumption that there was no levy, and to overcome the *prima facie* evidence of the deed. We ought, perhaps, to say in this connection that the plaintiff contends that there was evidence showing that there was another book which might have contained the record of the levy, and which book was not produced, and does not appear to have been examined. The book referred to is called a minute book. But this minute book does not appear to be a book provided for by law, but to be in the nature of a private memorandum. It was not necessary, we think, to show that such book did not contain a record of the levy.

The plaintiff contends, however, that there was some affirmative evidence of a levy, aside from the deed.

A certain paper was introduced in evidence, purporting to be a resolution, dated November 10, 1868, and declaring 2. ——: ——: that a tax of $5.90 is levied upon the lot in question to pay for a sidewalk. On the back of the paper was written the word "adopted." Evidence was introduced showing that the word "adopted" was in the hand writing of one Glab, who was city recorder at that time.

*incompetent evidence of levy.*

But in our opinion this paper was not competent evidence. It was introduced as a record of the proceedings of the council. But it was not such record as the law provides, to say nothing of its want of due authentication.

It is said, however, by the plaintiff that, even if the fact is that he has no title, he is nevertheless entitled to a decree 3. ——: ——: that he has title, because the defendants have failed to prove that they, or those under whom they hold, had title at the time of the tax sale.

*evidence of defendant's title.*

This position is based upon a provision of statute: "No person shall be permitted to question the title acquired by a treasurer's deed, without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale." Code, § 897; Revision, § 784. Under

this provision, it was doubtless the plaintiff's right to insist that the defendants should not be allowed to introduce evidence assailing his tax title, without first introducing evidence sufficient to show *prima facie* that they, or those under whom they claim, were the legal or equitable owners of the property at the time of the sale.

On this point, both the defendants testified that they were the owners of the property claimed by them respectively. This testimony was admitted without objection, and was, we think, under the ruling in *Brandirff v. Harrison County*, 50 Iowa, 169, sufficient to make a *prima facie* case. In that case the court said: "It is urged that the plaintiffs did not show by proper evidence that they were the owners of the land upon which the tax was levied. They were permitted to state under oath that they were the owners, and were not required to produce record evidence. This, we think, was sufficient."

Some other questions are presented, but, in the view which we have taken of the case, the consideration of them is unnecessary. In our opinion the decree of the circuit court must be

AFFIRMED.

## SUPPLEMENTAL OPINION.

BY THE COURT.—A petition for rehearing having been filed, we have re-examined the case in the light of it, but have not been able to reach a different conclusion from that reached in the original opinion. One point, however, urged upon the hearing, and again urged in the petition for a rehearing, we omitted to consider. It is insisted that the court below erred in rendering judgment against the plaintiff for costs. This position is based upon the alleged fact that the court found that there was due the plaintiff from the defendant, Zumhoff, a certain sum for taxes paid, and no offer to pay the same had

*4. PRACTICE in supreme court: presumption in favor of court below.*

been made prior to the commencement of the action. The plaintiff cites and relies upon *Corning Town Co. v. Davis*, 44 Iowa, 623, and *Poindexter v. Doolittle*, 54 Iowa, 52. The defendant, Zumhoff, denies that there was a finding that there was anything due from him.

All that we find in the decree upon this point is a recital in the following words: "The said Zumhoff now paying into court the sum of $45.55 for the plaintiff's use." No judgment was rendered against Zumhoff for anything, nor was there any finding against him, unless the words quoted could be construed as a finding that Zumhoff admitted that the amount paid into court was due the plaintiff. But, conceding that the payment constituted such admission, and that the court so found, we do not think that there was any ground for rendering judgment against Zumhoff for costs.

The plaintiff in his original petition claimed title. The action was brought to quiet title. It was only by amendment to the petition on the day of trial that the plaintiff claimed anything for taxes paid. At what time Zumhoff paid into court the $45.55 does not appear. If he paid it before any claim was made by the plaintiff for taxes paid, it would seem clear that there was no ground for rendering judgment against him for costs. Every reasonable presumption is to be entertained in favor of the ruling below.

The cases cited differ widely from the case at bar. In those cases the holder of the patent title was plaintiff, and no offer, or tender, or payment into court, was made at any time. We think that the petition for a rehearing must be overruled.