## CALLANAN ET AL. v. WAYNE Co.

1. **Tax Sale and Deed**: WHO MAY QUESTION: PRIMA FACIE PATENT TITLE SUFFICIENT. While under § 897 of the Code no one is permitted to question a tax title unless he shows that he, or one under whom he claims, had title at the time of the tax sale, yet, where a county claimed to have such title by patent from the United States to the state, and from the state to it, *held* that the patent from the state to it was *prima facie* evidence of its title, and sufficient for the purpose of enabling it to question the tax title, and that evidence of the patent from the United States to the state was not necessary. Compare *Hintrager v. Kiene*, 62 Iowa, 605.)

2. **Taxation**: INDEMNITY SWAMP LANDS. Prior to 1870, indemnity swamp lands belonging to a county were not taxable, and tax deeds based on the sale of such lands for taxes levied before that time are void. (See cases cited in opinion.)

*Appeal from Kossuth District Court*—HON. LOT THOMAS, Judge.

WEDNESDAY, MARCH 7.

THIS was an action in chancery to settle and quiet the title to certain lands, the respective parties claiming under adverse titles, and each asking, as relief, that the title be quieted. There was a decree for the defendant, and plaintiffs appeal.

*H. E. Long*, for appellants.

*C. W. Steel, Geo. E. Clarke* and *Freeland & Miles*, for appellee.

BECK, J.—I. The defendant claims under a patent issued by the state to it in 1867, the lands having been granted to the state as indemnity for swamp lands situated in the defendant county, which were entered in the United States land-office by the location thereon of bounty land-warrants. The plaintiffs claim under several tax sales and deeds for unpaid taxes for a number of successive years. One tax deed was issued under a sale of the land for the taxes of 1869; the others were executed upon sales for taxes for years

subsequent to 1870. The defendant, at the trial, introduced
in evidence the patent issued to it by the state, and a copy
of the patent issued by the United States, to the state, duly
certified by the commissioner of the general land office.

II.   Plaintiffs insist that defendant, under Code, § 897, is
not permitted to question their tax titles, for the reason that
it fails to show that it had title to the property
at the time of the tax sales. This position is
based upon the ground that the copy of the
patent from the United States is not competent
evidence, and was objected to on that ground at the trial in
the court below, but was erroneously admitted in evidence.
It is claimed by defendant's counsel that, as the objection
was to the competency of the copy, and not upon the ground
that it was secondary evidence, not admissible without proof
showing sufficient reason for not offering the original patent,
it cannot be urged in this court. We will not determine the
question thus raised, for we think that the patent by the state
to defendant showed, *prima facie*, title in it. The lands
were wild, and were in possession of neither party at the
time of the trial. The patent by the state, in our opinion,
established, *prima facie*, title in defendant, which is suffi-
cient to comply with the requirements of Code, § 897, and
authorize the person claiming thereon to question a tax title
upon which the land is claimed. (See *Hintrager v. Kiene*,
62 Iowa, 605; *Brandirff v. Harrison Co.*, 50 Iowa, 164, 169.)
In these cases oral testimony was held sufficient to show title,
so that the tax title could be questioned by the adverse party.
Surely the patent issued by the state ought to be regarded
equal to oral evidence of this character; and, when there is
added thereto the further evidence of the copy of a patent
issued by the United States to the state, duly authenticated
by the commissioner of the general land office, in which,
under the United States statutes, patents of this character
are recorded, it cannot be doubted that defendant established,
*prima facie*, its title to the lands.

1. TAX sale and
deed: who
may question:
prima facie
patent title
sufficient.

III.   The abstract shows that defendant redeemed from all tax sales, for taxes levied subsequent to the year 1870, or **2. TAXATION:** paid the taxes before the sales.   These facts indemnity swamp lands. defeated plaintiff's tax title based upon sales for all years except one, the year 1869.   As to the tax title based upon the taxes of 1869, it is sufficient to say that the lands were not held by defendant for pecuniary profit; for it is shown, by the admission of the parties found in the record, that they were not even in its possession.   As the law then stood, they were not subject to taxation. (*County of Guthrie v. County of Carroll*, 34 Iowa, 108; *Sully v. Poorbaugh*, 45 Id., 453.)

These considerations dispose of all questions in the case. The judgment of the district court is

AFFIRMED.