Rhoads v. Booth.

RHOADS *et al.* v. BOOTH.

1. JOINDER OF PARTIES. As a rule, it is only where two or more persons are jointly entitled to, or have a joint interest in, the property affected, or damages to be recovered, that they can unite in an action.

2. SAME: MALICIOUS PROSECUTION. Two or more persons cannot maintain a joint action for personal damages for malicious prosecution.

3. SAME: WHEN OBJECTION MAY BE TAKEN. The defendant may take objection to a misjoinder of parties plaintiff at any stage of the case, when such misjoinder appears.

Rhoads v. Booth.

*Appeal from Henry District Court.*

THURSDAY, APRIL 16.

A statement of the case is embodied in the opinion of the court.

*L. G. Palmer* for the appellant.

*H. Ambler* for the appellee.

WRIGHT, J.— Upon the information of defendant the plaintiffs in this action (three in number, but not partners), were arrested, tried before a justice of the peace for larceny, and after due examination were discharged. They thereupon instituted this action to recover damages for an alleged malicious prosecution. On the trial, defendant, among others, asked these instructions :

1st. The damages in the case, if any, are purely personal, that is, they appertain to each person separately, and unless some co-interest or joint interest is shown, plaintiff cannot recover.

2d. If a man commit a trespass and kill a horse, which belongs to A and B jointly, then they can sue and recover in a joint action. But if he, by the same act, kills two horses, one belonging to A and the other to B, they could not, in a joint action, recover the value of the horses. So in this action plaintiffs can only recover such damages as they have jointly sustained.

By these and other instructions of a like import, defendant claimed the rule to be, that plaintiffs could not maintain this action unless they had a joint interest in the damages claimed, or the judgment to be recovered. These were all refused, and such refusal now assigned for error.

The instructions should have been given. As a rule it is only when two or more persons are jointly entitled to, or have a joint interest in, the property affected, or the

Rhoads v. Booth.

damages to be recovered, that they can unite in an action. Therefore several parties cannot sue jointly for injuries to the person, as for slander, a battery, or false imprisonment. For words spoken of parties in their joint trade, or for slander of title, they may sue jointly; but not so when two or more sue for slanderous words, which, though spoken of all, apply to them all separately; or in a case of false imprisonment, or a malicious prosecution, when each, as individuals, are imprisoned or prosecuted. The principle underlying is, that it is not the act but the consequences which are looked at. Thus, if two persons are injured by the same stroke, the act is one, but it is the consequence of that act, and not the act itself, which is redressed, and therefore the injury is several. There cannot be a joint action, because one does not share in the suffering of the other. 1 Ch. Pl., 64; 2 Saunders, 116, 117; 2 Bouv. Inst., p. 171.

And the objection may be taken on the trial in arrest, or by appeal, or writ of error, and especially when such misjoinder of parties does not appear from the plaintiffs' petition. The counts of a petition may be ever so perfect in showing a just right, or that there is a proper joinder of parties, and yet if upon the trial, or in any stage of the case, the misjoinder appears, defendant may avail himself of the defect. Upon this subject see *Grover* v. *Humervill*, 6 Pick., 222; 1 Bur. N. Y. Pr., 64; 1 Chit. Pl., 205–66; *Vinton* v. *Welsh*, 9 Pick., 87; 3 Bouvier's Inst., p. 515; Stephens Pl., 96.

Reversed.