BRANDIRFF ET AL. v. HARRISON COUNTY ET AL.

1. **Taxation:** ACTION TO RESTRAIN COLLECTION: PARTIES.  Where an alleged illegality in taxation extends to the whole assessment, or where it affects in the same manner a number of persons, so that the question involved can be presented by one bill filed by all or any number thus interested, such joint bill may properly be filed.

2. ———: ILLEGAL TAX: INJUNCTION.  Where a tax is illegal because there has been in no proper sense an assessment and levy, injunction is the proper remedy for the parties from whom it is sought to collect the tax.

3. ———: ———: ESTOPPEL.  A county, having sought to levy the tax upon the land as plaintiffs', is estopped to afterward deny plaintiffs' title to the land in an action by the latter to restrain the collection of the tax.

*Appeal from Harrison District Court.*

WEDNESDAY, DECEMBER 11.

ACTION in equity to restrain the collection of certain taxes. The plaintiffs claim to be the owners in severalty of certain real estate in Harrison county, and that the tax books of said county for the year 1875 show that a certain special ditch tax was levied upon said lands. It is alleged that plaintiffs' lands were not benefited by said ditch, and that the digging thereof was not a public benefit, nor conducive to the health or public welfare of the citizens of the county; that no petition signed by any citizens asking the establishing of said ditch was at any time filed and presented to the board of supervisors; that plaintiffs were at no time served with a notice of the time and place where objections to the levy of said tax could be heard; and that, although residents of said county, they had no knowledge of such tax levy until long after it was made, and that they were thus deprived of the right to be heard and to appeal.

It is further averred that there was neither an assessment nor levy of said tax, and that if any levy was made it was verbal, and, therefore, void.

It is prayed that a writ of injunction may issue restraining the defendants from collecting said tax, and that upon a final hearing said injunction may be made perpetual.

The answer, in addition to a general denial, sets up—*First,* "that plaintiffs cannot maintain an action because there is a misjoinder of parties and causes of action, in that plaintiffs have no joint interest in the land in controversy, but own different and distinct portions of the same in severalty." *Second,* "that plaintiffs are estopped from maintaining this action in that objection should have been made before the completion of the ditch."

There was a hearing upon written evidence and a decree for the plaintiffs. Defendants appeal.

*W. S. Shoemaker* and *Sapp, Lyman & Ament,* for appellant.

*Mickel & Davis,* for appellee.

ROTHROCK, CH. J.—I.   The first question to which our attention is directed is, can these parties plaintiff, being the owners in severalty of different portions of the real estate described in the petition, maintain this action?   As applicable to the issues made in the pleadings, that there was no assessment nor levy of the tax, although there is some conflict of authority, we think the better rule is that such joinder of parties plaintiff may be made. In Cooley on Taxation, 545, 546, it is said: "But when the illegality extends to the whole assessment, or when it affects in the same manner a number of persons, so that the question involved can be presented without confusion by one bill filed by all or any number of those thus affected, there seems to be no sufficient reason why a joint bill should not be permitted.   The reasons favoring it are that it avoids a multiplicity of suits, and the attendant trouble and expense; and the objection that the interests of complainants are several, is sufficiently met by the fact that complete justice may be done to all in one suit on the single issue.   Whereas, if the parties did not join, the same issue must be passed upon in separate suits brought by the several complainants.   Although there has been some hesitation in sanctioning such bills the weight of authority is decidedly in favor of supporting them, and this method of redress is now most commonly resorted to when the case is appropriate for it."

Counsel for appellant cite *Rhoads v. Booth,* 14 Iowa, 575, and *Fleming v. Mershon,* 36 Id., 413, as being in principle opposed to such joinder of parties.

In the first-named case it was held that two or more persons could not maintain a joint action for malicious prosecution.   It is evident that in such case each party must have a

*(Margin note: 1. TAXATION: action to restrain collection: parties.)*

different measure of relief in damages, and there can be no unity of interest in the recovery. Separate verdicts and judgments would be required. Here each one has the same interest, seeks the same object, which is the cancellation of an alleged illegal tax.

In *Powell v. Spalding*, 3 G. Greene, 443, it is said: "The sum of the doctrine is that, where there is unity in interest as to the object to be maintained by the bill, the parties seeking redress in chancery may join in the same complaint, and maintain their action together."

It was held in *Fleming v. Mershon* that where one person commenced an action in behalf of himself and numerous others, not named, to restrain the collection of a tax, and a motion to strike from the petition so much as sought to obtain relief for any other persons than the plaintiff was sustained, from which a number of persons by name other than the plaintiff appealed, that such appeal would not lie. Upon the other question in the case, as to the right of a party plaintiff to maintain such action for himself and numerous others not named, two members of the court concurred in holding that the action in that form would not lie, one expressed no opinion, and the other dissented.

We have not thought it necessary to discuss other authorities upon this question. They are in conflict, and we are content to adopt the conclusion reached in Cooley on Taxation, believing it to be the better rule.

II. It is urged that injunction will not lie to restrain the collection of this tax, because the plaintiffs have an adequate remedy at law. To properly dispose of this point it is necessary that we should direct our attention to the pleadings and evidence, so far as they relate to that question.

It is alleged in the petition that there was no assessment nor levy of the tax. It appears from the evidence that at the September session, 1875, the board of supervisors made an order in these words:·

"In the matter of the Stewart and Bryant ditch the board divided the land benefited by the same into three classes, and fixed the rate per cent as follows:

[Here follows the description of the land, divided into classes, with the rate per cent of the levy upon each class.]

"And the auditor is hereby instructed to levy the same in three equal annual assessments."

At the October session, in 1875, the following order or resolution was passed:

"On motion the assessments of benefits in matter of Stewart and Bryant ditch, as made at September session of this board, is hereby revoked and rescinded, and H. B. Lyman and H. B. Cox are appointed special commissioners to reassess the benefits and report to the auditor as soon as practicable."

Afterward Lyman and Cox filed, in vacation, a paper containing a list of the lands and a certain rate per cent. This paper had neither caption, certificate nor signatures. The board never afterward took any action in the matter. The auditor, without other authority, extended upon the tax books taxes against the land based upon the per centum contained in the paper filed by Cox and Lyman.

It will be observed that the allegation that no assessment and levy were made is fully supported by this evidence. When the action of the board at the September session, in assessing and levying the tax, was revoked and rescinded, if no further action had been taken the act of the auditor in extending the tax would have been wholly unauthorized.

The whole matter then stood just as though no assessment and levy had been made. What occurred afterward was in no sense an assessment and levy. It does not purport to be the action of the board. It is not a case of an irregular and informal assessment and levy. It is one where there is an entire absence of anything in the way of exercising the taxing power. Under these circumstances, where there was no exercise of the taxing power, what appears upon the tax

books as a tax is illegal and void, just as an execution would be void if there were no judgment upon which to base its issuance.

Upon the question whether an injunction is a proper proceeding in resistance of an illegal tax, there has been much discussion and contrariety of opinion, but in this State it has been fully settled.

In *Zorger v. The Township of Rapids*, 36 Iowa, 175, it is said: "We concede that in most cases where the interposition of a court of equity has been invoked to restrain the enforcement of an illegal tax, it has been refused upon the ground that the remedy at law is adequate. But the jurisdiction of equity for such a purpose has been too long recognized, and too frequently resorted to in this State, to be now made a matter of serious question."

There is a clear distinction between this class of cases and the cases of *Macklot v. The City of Davenport*, 17 Iowa, 379; *Patterson v. Baumer*, 43 Id., 477, and others, where it is held that injunction will not lie because of irregularities in exercising the taxing power. If the petition in this cause rested solely upon the ground that the lands of plaintiffs were not benefited by the ditch it would be but a mere irregularity, and should have been corrected upon appeal, or possibly by *cei-tiorari*.

III. The plaintiffs were permitted to show, against the objection of defendants, that these lands were not benefited by said ditch. While this, in our opinion, was not proper grounds for the equitable interposition of the court, yet, we think, it was not objectionable to allow the plaintiffs to show that what appeared upon the tax books as a tax was inequitable and unjust.

IV. Finally, it is urged that the plaintiffs did not show by proper evidence that they were the owners of the land upon

3. ——: ——: estoppel.

which the tax was levied. They were permitted to state under oath that they were the owners, and were not required to produce record evidence of title. This,

we think, was sufficient. · The question to be determined was the legality of the tax, and not one of title to land. The learned judge in the court below was correct when he said: "Defendants having charged this property as belonging to plaintiffs and listed it as theirs, and claimed to have assessed and levied a tax against it as their property, they are now estopped from denying plaintiffs' ownership, when they come in and seek to enjoin the collection of said taxes."

AFFIRMED.