LEWIS ET AL v. ESHLEMAN ET AL.

1. **Parties:** MISJOINDER OF: INJUNCTION. Several persons owning distinct tracts of agricultural lands, lying within an incorporated town, joined in an injunction suit to restrain the collection of municipal taxes thereon. The land was not similarly situated in respect to the town and the plaintiffs did not all ask the same relief. *Held*, that there was a misjoinder of parties and causes of action; and that plaintiffs having failed to strike out all the parties plaintiffs except one, the court did not err in dissolving the injunction and dismissing the case.

*Appeal from Cherokee Circuit Court.*

TUESDAY, MARCH 21.

THE plaintiffs presented their petition to the Hon. J. R. Zuver for an injunction, and thereupon a temporary injunction issued as prayed. Afterward the plaintiffs filed an amended

and substituted petition, alleging in substance that plaintiffs own in severalty separate and distinct parcels of land, situated within the corporate limits of the incorporated town of Cherokee; that all of said lands are held and used exclusively for agricultural purposes; that they are remote from the town proper; have no additions or town improvements near them; are not benefited in any manner by the current expenditure of said town; and are not held by the owners for the purpose of laying them off into town lots and putting them in market as town property; that ever since said town was incorporated it has levied on said lands a tax for corporation purposes, and collected the same from the plaintiffs; that the plaintiff Lewis has refused to pay the tax levied on his lands for 1879, and the defendant Eli Eshleman has advertised the lands, and will sell them unless restrained; that the town of Cherokee has levied for the year 1880 municipal taxes on said lands, and the defendant Chick will, unless restrained, extend the same on the tax books of the county. Plaintiffs pray that Eshleman be restrained from selling any part of said lands, and that Chick be restrained from extending on the tax books of Cherokee county any municipal tax levied on the lands described in the petition, and that, upon the final hearing the levy of said taxes be declared illegal. The defendant filed a motion to dismiss the action, because the petition shows there is a misjoinder of parties; also to strike out of the petition all causes of action but one, and cause plaintiffs to elect which cause of action will be presented, for the reason that there is a misjonder of causes of action. Afterward the defendants filed a motion to dissolve the temporary injunction, for the reason that plaintiffs are misjoined in the action. Afterward the court made a ruling upon said motions as follows: "Plaintiffs having been given time heretofore to elect whether they would strike out all parties plaintiffs but one, they now elect to stand upon their amended and substituted petition. Defendant's motion to dismiss is sustained and case dismissed, injunction dissolved at

Lewis v. Eshleman.

plaintiff's costs, and thereupon plaintiff excepts." The plaintiffs appeal.

*J. D. Smith*, for appellants.

*A. F. Merservey*, for appellees.

DAY, J.—There was clearly a misjoinder of causes of action and of parties. The plaintiffs own lands in severalty. The

i. PARTIES: misjoinder of : injunction. ground of the alleged illegality of the tax in question is that the plaintiffs' lands are so situated, respecting the town of Cherokee, that they are not liable to taxation for municipal purposes. The lands cannot be situated in the same place, and hence cannot be situated exactly alike with respect to the town. The plaintiffs have no community of interest. They do not ask the same relief. All the plaintiffs ask that the auditor be restrained from extending the tax for 1880, and in addition to this the plaintiff Lewis asks that the treasurer be restrained from selling his lands for taxes of 1879. The evidence applicable to the case of one plaintiff may not apply to the case of the other plaintiffs. One plaintiff may be entitled to an injunction, and the other plaintiffs may not be so entitled. The case differs essentially from *Brandiff v. Harrison County*, 50 Iowa, 164, cited and relied upon by appellants, as in that case the alleged illegality extended to the assessment itself, and it affected all the plaintiffs in the same manner. In the case of *Duman et al. v. The City of Fort Madison*, also relied upon by appellants, the question of misjoinder was not raised. The plaintiffs having failed to elect to strike out all parties plaintiffs but one, when permission was given them by the court to do so, the court did not err in dismissing the case and dissolving the injunction.

AFFIRMED.