## GORRELL et al. v. GATES et al.

1.  **Parties to Actions:** CREDITOR'S BILL: JOINDER OF SEVERAL CREDITORS.  Several judgment creditors may join in an action against the trustee of their common debtor, alleging that they have no adequate remedy at law, and seeking the discovery of property which may be subjected to the payment of their judgments, and asking that the trustee be required to discharge certain alleged duties, which it is claimed would result in placing property of the judgment debtor within the reach of legal process. (See opinion for statutes and cases cited.)

2.  **Creditor's Bill:** PLEADING.  In an action against a trustee of the debtor under a will, to discover assets of the debtor and to compel the trustee to perform his duties, to the end that the debtor's property might become subject to execution, the petition alleged that three certain tracts of land had been set apart to the trustee, and the title thereto decreed in him, for the uses and purposes authorized by the will, and that said land was so set apart by partition, which, however, did not include all the realty of the decedent. *Held* that plaintiffs were improperly required, upon motion, to state the value of each of said tracts of land, on the ground that, having been set apart to the trustee, if their aggregate value was greater than the claims of plaintiffs, their action could not be maintained; for the petition further showed that the will made it the duty of the trustee to provide money for many purposes pertaining to the welfare of the judgment debtor, and it did not appear for what obligations of that kind the land might be already liable; so that the fact, if it so appeared, that the land would sell for more than enough to satisfy plaintiff's claims, could not affect their right to maintain the action.

*Appeal from Jasper District Court.*—HON. DAVID RYAN, Judge.

FILED, FEBRUARY 12, 1890.

ACTION in equity to discover and subject property to the payment of certain judgments. The court below sustained a motion to strike from the petition and for a more specific statement. Plaintiffs refused to amend, and the court dismissed their cause of action, and rendered judgment in favor of defendants for costs. The plaintiffs appeal.

*Winslow & Varnum*, for appellants.

No appearance for appellees.

ROBINSON, J.—The averments of the petition material for our consideration are in substance as follows: E. N. Gates, by his last will, including codicils, provided that the larger part of his estate should be divided equally between his wife, Sarah E. Gates, and his sons, Sumner E. Gates, A. C. Gates and Lorin A. Gates, all of whom are parties defendant. Sumner was appointed executor of the will, and was directed to sell all the property of the testator within a specified time after his death, and not to allow any considerable amount of money to remain in his hands undivided, but that he should divide it, and all property of the estate, as aforesaid. Defendant George I. Anderson was appointed trustee by the will, and was authorized to receive from the executor the share of the estate which was given to A. C. Gates, and care for and manage it, excepting such sums of money as, in the opinion of the trustee, might be needed to make said A. C. Gates and his child or children comfortable, and for educational purposes; and such further sum as, in the judgment of the trustee, it would be prudent to intrust to said A. C. Gates as a fund upon which to engage in business. The will, including

codicils, was admitted to probate on the twenty-fourth day of April, 1883; and the executor and trustee appointed thereby qualified and entered upon the discharge of the duties of their respective offices. The first and second paragraphs of the petition allege that plaintiff J. R. Gorrell obtained a judgment against A. C. Gates on the twenty-first day of April, 1887, for the sum of $692.13, besides costs, and that said judgment was rendered for rents due for a dwelling house used and occupied by said A. C. Gates since the death of his father. The third paragraph of the petition shows that plaintiff J. R. Zallinger recovered a judgment against said A. C. Gates in the year 1889 for the sum of $675.70, besides costs, for groceries necessary for said A. C. Gates and his family, purchased since the death of his father. Execution was issued on the Gorrell judgment, and the executor and trustee were garnished thereunder, but each appeared and denied indebtedness, and denied having property in their possession or under their control which belonged to the judgment debtor. No property exists for the satisfaction of the judgments, unless that in the hands of the executor and trustee can be reached for that purpose.

The petition further alleges that the executor has failed to discharge the duties imposed upon him by the will, in that he has failed to dispose of the property of the estate, and pay to the trustee the share which belongs to said A. C. Gates; and has failed and refused to do so for the express purpose of preventing such share from passing into the hands of the trustee, and allowing it to be used to satisfy the judgments of plaintiffs. The trustee is also charged with neglect of duty. The plaintiffs ask that defendants be compelled to make discovery of the property belonging to the estate of decedent at the date of his death, and the disposition made of it, and of its proceeds; that the executor be directed to make sale of property to pay the trustee a sufficient amount to satisfy the judgments aforesaid, and that the trustee be required to make payments therefor; and

for such other relief as they may be entitled to under the facts stated in the petition.

I. The first part of the motion asked that the name of J. R. Zallinger and the third paragraph, or the name of J. R. Gorrell and the first and second paragraphs, be stricken from the petition. The plaintiffs refusing to make an election, the court struck out the name and paragraph first mentioned. The question presented by that ruling is whether the averments of the petition show that the plaintiffs have such a common interest in the relief sought as entitles them to join in this action. The right of either of them to that relief is not raised, and cannot be determined on this appeal. Section 2545 of the Code is as follows: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except where it is otherwise provided in this Code." Persons having an interest in the matter in litigation, in the success of either of the parties to the action, or against both, are entitled to intervene, and, in a proper case, may unite with the plaintiff in claiming what is sought by the petition. Code, sec. 2683. It is the policy of the law to avoid a multiplicity of suits, and an identity of interests is not always required to entitle persons to join as plaintiffs for the purpose of obtaining relief to which they are entitled. It was said in *De Louis v. Meek*, 2 G. Greene, 64, that, "where there is unity in interest as to the object to be attained * * * the parties seeking redress in chancery may join in the same complaint and maintain their action together. In such a case, it is within the province of a court of chancery to mete out to each and all of the complainants their rights, on the principle of sound equity. In that case the complainants claimed distinct interests in real estate, but desired the same relief, to-wit, the setting aside of a decree in partition alleged to have been fraudulently procured. The rule stated in the quotation was approved in *Powell v. Spaulding*, 3 G. Greene, 461, and in *Brandirff v. Harrison Co.*, 50 Iowa, 165. In the case last

1. PARTIES to actions: creditor's bill: joinder of several creditors.

cited it was held that the different owners of separate tracts of real estate could join in an action to restrain the collection of a tax illegally levied thereon. The rule was again approved in *Palo Alto Banking, etc., Co. v. Mahar*, 65 Iowa, 75, an action to restrain the conveyance of certain lands. In *Gates v. Boomer*, 17 Wis. 455, the right of the separate owners of judgments to join in an action to set aside a conveyance of the judgment debtor alleged to have been fraudulently made was affirmed. In *Meyers v. Fenn*, 5 Wall. 205, it was said that "the practice of permitting judgment creditors to come in and make themselves parties to the bill, and thereby obtain the benefit, assuming at the same time their portions of the costs and expenses of the litigation, is well settled." See, also, *Hamlin v. Wright*, 23 Wis. 492; Story, Eq. Pl., sec. 99; *Conro v. Iron Co.*, 12 Barb. 28; *Clarkson v. De Peyster*, 3 Paige, 320; *Strong v. Township*, 79 Ind. 209; Pom. Rem., secs. 248, 266, 267.

The petition in this case is, in effect, a creditor's bill. It alleges that plaintiffs have no adequate remedy at law for the enforcement of their rights. They seek the discovery of property which may be subjected to the payment of their judgments, and ask that the executor and trustee be required to discharge certain alleged duties, which it is claimed would result in placing property of the judgment debtor within the reach of legal process. The end each plaintiff seeks is, it is true, the collection of his own judgment; but it is claimed the relief sought would result in their mutual benefit. Their alleged rights of action rest upon substantially the same grounds, and whether they are entitled to the relief demanded can be ascertained as well in one action as in two. If the principal question be determined in their favor, the powers of a court of equity are ample to ascertain and enforce the particular rights of each. We think the case falls within the rule of the authorities cited.

II. The petition alleges that since the commencement of this action three tracts of land, described, have

been set apart to the trustee, and the title thereto decreed in him, for the uses and purposes authorized by the will. It further alleges that said land was so set apart by proceedings in partition, which did not, however, divide all the realty belonging to the estate of. decedent. A part of the motion which was sustained asked that the plaintiffs be required to state the value of each of said tracts of land, on the ground that, having been set apart to the trustee, if their aggregate value is greater than the claims of plaintiffs, this action cannot be maintained. We do not think the ground is well taken. If it be the duty of the trustee to furnish money or other property for the satisfaction of the judgments, it is certainly not his only duty. He is required to furnish such sums of money as, in his opinion, are needed to make the judgment debtor and his child or children comfortable, and to educate the latter. He is also authorized to furnish the judgment debtor, if thought prudent, with a fund for business purposes. The land was taken by the trustee subject to and for the purposes of the trust created by the testator. For what obligations incurred by the trustee in the discharge of the duties of his office the land may be already liable does not appear. It was not the duty of plaintiffs to show that it was not available for the satisfaction of their claims, and under the facts disclosed by the petition no presumption arises that it was. If plaintiffs are entitled to the relief demanded they cannot be compelled to proceed against any particular part of the property which is included in the share of the judgment debtor. In no event could the stating of the value of the tracts of land in question have shown that plaintiffs were not entitled to maintain this action. We conclude that the motion should have been overruled. The judgment of the district court is

REVERSED.