BIRON, Respondent, vs. EDWARDS, Appellant.
BIRON, Respondent, vs. SCOTT, Trustee, Appellant.
BIRON, Respondent, vs. EDWARDS, Appellant.
BIRON, Respondent, vs. SCOTT, Trustee, Appellant.

*September 23 — October 14, 1890.*

*Consolidation of actions: Parties: Equity.*

1. Two of three heirs having each brought actions to charge the representative of the administrator of the estate of their ancestor, and one who had been the business partner of said administrator, separately, with the profits arising from their dealings with the lands of said ancestor, and it appearing that each cause of action arose out of the same transactions and that the rights of all parties could be fully protected in a single action, the court properly ordered that all four actions be consolidated and, on motion of the third heir, that he be made a party to the consolidated action.
2. The power of a court of equity to consolidate actions does not depend upon any statute for its existence.

APPEALS from the Circuit Court for *Monroe* County.

These two appeals are from an order of the circuit court of Monroe county consolidating the four above-entitled actions into a single action, and directing the procedure in such consolidated action.

In 1888 the plaintiff *George S. Biron* brought two actions, one in the circuit court of Wood county against *John Edwards*, and the other in the circuit court of Lincoln county against *Walter A. Scott*, as trustee of the estate of Thomas B. Scott, deceased. The alleged causes of action in both arise out of the same transactions. These transactions as alleged in the complaint are, in substance, that one Francis Biron, a resident of Wood county, died intestate in 1877, leaving as his only heirs at law Francis Biron, Jr., *Mary Laura Biron*, and the plaintiff *George S. Biron;* that Thomas B. Scott was duly appointed administrator of his estate, and as such in 1881 procured from the proper court

a license to sell, and did sell, a large quantity of timbered lands belonging to such estate, of great value; that the defendant *Edwards*, who was a partner of such administrator, was the nominal purchaser at such sale, and the administrator conveyed the lands to him, but that the real purchaser was the firm of Scott & Edwards, each partner paying one half of the consideration, and that *Edwards*, without further consideration, soon thereafter conveyed to such administrator an undivided one-half of the lands; that Thomas B. Scott died in 1886, testate, in Lincoln county, leaving all his real estate in Wisconsin and other property to the defendant *Walter A. Scott*, in trust for certain purposes specified in his will, and such estate has been turned over to such trustee, who has the custody and control of all the property belonging thereto; that, in 1887, *Walter A. Scott*, as such trustee, and *Edwards* sold the same lands, and received therefor a sum largely in excess of their cost. The complaint contains numerous other averments of fact not necessary to be here stated. The relief demanded in each action is that the defendant therein be adjudged to hold the money received for such lands, or an equitable proportion thereof, in trust for the benefit of the heirs of Francis Biron, deceased, and that one third thereof be paid over to the plaintiff. An accounting and general relief are also demanded.

Each defendant demurred to the complaint against him on the grounds of want of jurisdiction and the non-joinder of the other defendant as a defendant in the action. The place of trial of both actions was thereupon changed to Monroe county, and that court afterwards overruled such demurrers. Each defendant then answered in the action against him, alleging facts claimed to be a defense thereto. The answers of both defendants are substantially alike. The specific contents thereof are immaterial on these appeals.

In October, 1889, *Mary Laura Biron*, another of the heirs of Francis Biron, deceased, also commenced two corresponding actions, one in Wood county against *Edwards*, and the other in Lincoln county against *Walter A. Scott*, as trustee as aforesaid, to recover her share of the funds claimed to be held by the defendants respectively, on account of such sales, for the use and benefit of such heirs.    The allegations of the complaints in these actions are substantially like those in the complaints in the corresponding actions brought by *George S. Biron* against the same defendants.    Each defendant demurred to the complaint against him for defect of parties plaintiff and defendant, naming the two other Biron heirs as necessary plaintiffs, and the defendant in the other action as a necessary defendant.    This demurrer has not been decided.    The place of trial of these actions was afterwards also changed to Monroe county; but before such change the circuit court of the latter county, on motion of all the heirs of Francis Biron, deceased, made an order, dated February 12, 1890, making all of such heirs parties to each of the actions of *George S. Biron*, with leave to bring in other defendants should the plaintiff be so advised.    On April 7, 1890, that court made the order consolidating the four actions from which these appeals were taken.    The material portion of such order is as follows:

" Ordered that the several causes above entitled be and they hereby are consolidated into one action in this court; that Francis Biron be and he hereby is made a plaintiff in said action; that such action proceed in the name of *George Severe Biron, Mary Laura Biron*, and Francis Biron, plaintiffs, against *John Edwards* and *Walter A. Scott*, as trustee of the estate of Thomas B. Scott, deceased, defendants, with such other parties defendant as plaintiffs may determine to bring in, pursuant to the order of this court heretofore made; that the plaintiffs make their complaint in such consolidated action within forty days after the date of this

order, or, in case appeal is taken therefrom and same is affirmed, then within twenty days after the return of the record to this court; that the defendants have twenty days after service of such complaint in which to answer the same, but that they have leave to stand in such consolidated action upon their answer or answers in either or both of the above-entitled actions wherein said *G. S. Biron* is plaintiff, or upon the demurrer or demurrers in either or both the actions wherein *Mary Laura Biron* is plaintiff, provided they, within said twenty days, give notice to plaintiffs' attorney whether they elect to stand upon said answer or answers, or on said demurrer or demurrers."

The order also requires the plaintiffs to pay the costs in the actions of *Mary Laura Biron* to the date of the motion for consolidation, and leaves the costs in the actions of *George S. Biron* to abide the event of the litigation, subject to the discretion of the court. The defendants *Edwards* and *Scott* appeal separately from the order of April 7, 1890.

For the appellants there was a brief by *Gardner & Gaynor*, attorneys, and *Pinney & Sanborn*, of counsel, and the cause was argued orally by *Geo. R. Gardner* and *S. U. Pinney*. They contended, *inter alia*, that the issues in the several actions to be consolidated must be identical. The parties to such actions, plaintiff and defendant, must be the same. Each action must be perfect in itself; that is to say, an action having all the parties joined therein necessary to enable the court to render a final judgment or decree. None of these essential conditions existed when the order of consolidation was made in this case. 1 Tidd, Pr. 531; *Westbrook v. Australian R. M. S. Nav. Co.* 14 C. B. 113; 2 R. S. of N. Y. 305, sec. 37 (383, sec. 36); 1 Bur. Pr. 411; N. Y. Code, sec. 817; 2 Wait, Pr. 555-6; 2 Till. & S. Pr. 277; *Wilkinson v. Johnson*, 4 Hill, 46; R. S. sec. 2792; *Winninghoff v. Wittig*, 64 Wis. 180, 182-3; *McCartney v. Hubbell*, 52 id. 361. Subject to the above conditions, which go to the

*power* of the court to consolidate actions, the granting of the order is a matter of discretion, but (1) it will not be granted where it will cause embarrassment or delay. (2) Where a defense is to be made, the affidavits must show that the same question or questions are to be litigated in both or all of the actions, and enough of the nature of the action *and of the defense* should be stated to make this appear to the court. *Wilkinson v. Johnson*, 4 Hill, 46; *Dunning v. Bank*, 19 Wend. 23; *Dunn v. Mason*, 7 Hill, 154. (3) A consolidation of these four actions, all other necessary conditions existing, could not be had until final joinder of issue of fact in all. *Briggs v. Gaunt*, 2 Abb. Pr. 77; *Le Roy v. Bedell*, 1 Code (N. S.), 201.

Both *Edwards* and *Scott* and all the heirs were necessary parties to any action seeking the relief here prayed for. *Eldredge v. Putnam*, 46 Wis. 205; Freeman, Cotenancy, sec. 369; *Young v. Bilderback*, 3 N. J. Eq. 206; *Harding v. Handy*, 11 Wheat. 103. Under sec. 3192, R. S., any one of the heirs might have brought the action, making the others parties, but no *joint* action could be brought by any number less than all. In this case, two of the heirs had brought their separate actions, but the third had no action to be consolidated with the others, to answer the necessities of sec. 3192. The order, then, consolidates four actions which could not have been joined in an original suit, with a provision for bringing in the third party not then represented before the court in any proper or legitimate way. There is no authority for such practice. All the actions should have been dismissed except one, and the proper parties should have been brought into that by amendment. *Jamison v. B. & W. R. Co.* 78 Iowa, 562; *Wing v. Huntington*, Seld. Notes (2d ed.), 210.

The statute in respect to consolidation is not applicable to equitable actions. Voorhees' Code, 336*f; Bech v. Ruggles*, 6 Abb. N. C. 69; *Lockwood v. Fox*, 8 Daly, 127; *Kipp*

*v. Delamater*, 58 How. Pr. 183; *Warden v. Isherwood*, 2 Sim. 476; *Forman v. Blake*, 7 Price, 654; *Foreman v. Southwood*, 8 id. 572. The practice in equity, where two suits relate to the same subject, is to stay proceedings in one of them. 1 Daniels, Ch. Pr. 797–800; *Pott v. Gallini*, 1 Sim. & S. 206, 210; *Budgen v. Sage*, 3 Mylne & C. 684, 687.

For the respondents there was a brief by *Geo. L. Williams*, attorney, and *Moses Hooper*, of counsel, and oral argument by *Mr. Williams*. They argued, among other things, that the order simply adopted the position previously taken by defendants. Each defendant claimed in each action that the other should be united with him, and that all the heirs should be plaintiffs. It now seems that they object to having their own way. *Allegans contraria non est audiendus.* The only statutory limitation upon consolidation in this state is that the actions be in the same court and for causes which might have been joined. Sec. 2792, R. S., by departing from the language of the New York Code shows an intention to change the rule making other incidents necessary to consolidation. Final issue need not have been joined in all the actions. *Soloman v. Belden*, 12 Abb. N. C. 58; *Deering v. Winona H. Works*, 24 Fed. Rep. 90; *Brewster v. Stewart*, 3 Wend. 441–2. The issues need not be identical. *Smith v. Smith*, 80 Cal. 323–4; *Den v. Kimble*, 9 N. J. Law, 335, 337; *Syers v. Pickersgill*, 27 L. J. Exch. 5; *Beardsall v. Cheetham*, 27 L. J. Q. B. 367. The parties need not be the same. *Burnham v. Dalling*, 16 N. J. Eq. 310–312; *Den v. Kimble*, 9 N. J. Law, 335, 337; *Conover v. Conover*, 1 N. J. Eq. 403, 412; *Wilson v. Riddle*, 48 Ga. 609; *Beach v. Woodyard*, 5 W. Va. 231; *M'Rae v. Boast*, 3 Rand. (Va.), 481; *Morley v. M. R. Co.* 3 F. & F. 961; *State ex rel. Kemp v. H. & St. J. R. Co.* 89 Mo. 571. The statute authorizes consolidation of equitable actions; but consolidation has often been had in equity when there was no statutory authority therefor. *Wyatt v.*

*Thompson,* 10 W. Va. 645, 650; *Burnham v. Dalling,* 16 N. J. Eq. 310, 312; *Conover v. Conover,* 1 id. 403, 412; *Taylor's Heirs v. Watkins,* 7 J. J. Marsh. (Ky.), 363, 365; *Young v. Gray,* 65 Tex. 99; *Campbell's Case,* 2 Bland (Md.), 209; *Deering v. Winona H. Works,* 24 Fed. Rep. 90; *Keighley v. Brown,* 16 Ves. 344; *Newberry v. Alexander,* 44 Ohio St. 346; *Lofland v. Coward,* 12 Heisk. (Tenn.), 546. Such seems to have been the later .equity practice in England before the modern judicature acts, where suits were consolidated, and even moved from one court to another for the purpose of consolidation. *Zambaco v. Cassavetti,* L. R. 11 Eq. Cas. 439, 442–4; *Rhodes v. Barrett,* 12 id. 479, 481; *Lyall v. Weldhen,* L. R. 9 Ch. App. Cas. 287–9; *Sayers v. Corrie,* id. 52; *Orrell v. Busch,* 5 id. 467; 1 Daniels, Ch. Pr. (Cooper's ed. 1879), 339, note 3. The order to bring in new plaintiff on his own motion was proper, without regard to consolidation. R. S. sec. 2610. It was also proper as part of consolidation order. *Brown v. District of Columbia,* 17 Ct. Claims, 303. The difference between consolidation and staying proceedings in all the suits but one, is only in name. 1 Burrill, Pr. 411, 412.

LYON, J. It may be observed at the outset that in any action to charge the defendants *Edwards* and *Scott* with the profits realized out of the lands belonging to the estate of Francis Biron, deceased, which were conveyed by the administrator of that estate to *Edwards,* all the heirs of Francis Biron, and the defendants *Edwards* and *Scott,* are necessary parties thereto. Without the presence of all of them as parties, the court cannot make a full and final determination of the controversy. This is conceded by the learned counsel for the appellants.

The order from which these appeals were taken brings in Francis Biron, Jr., one of such heirs who had not theretofore brought any action, as a party to the consolidated action,

at his own request. If the four actions were properly consolidated into one action, it is manifest that this was correct practice. In this particular the order has no necessary connection with the order of consolidation. The case stands just as it would have stood had an order been made consolidating the four actions, and afterwards another order bringing in Francis Biron, Jr., as a party plaintiff in the consolidated action, or had he been thus brought into each action before the consolidation. Hence, the controlling question on these appeals is, Were the four actions properly consolidated?

In each of the four actions the complaint states a cause of action in equity in favor of the plaintiff and against the defendant therein. The transactions out of which each such cause of action arose are common to all the actions. The evidence which will sustain a recovery in one will sustain a recovery in each of the others as the cases now stand. In every conceivable contingency the rights of each defendant, as against any or all of the plaintiffs, can be fully protected in the consolidated action.

It would be a violation of well-settled rules of procedure to allow these four actions to proceed *pari passu*, for it is manifest that but one action is necessary fully to settle the rights of the parties to all of them, and but one can be allowed to proceed. This is not controverted by either party. The question is purely one of practice. By what procedure shall the whole controversy be concentrated in one action? This might have been accomplished by bringing in all the heirs and both defendants in one of the actions, and dismissing the other three. If we correctly understand the position of counsel for appellants, they insist that this was the only proper practice. Again, instead of dismissing three of the actions, the court might have stayed proceedings therein during the pendency of the other action. We perceive no valid objection to this practice had it been adopted.

But instead of pursuing either course suggested, the court formally consolidated the four actions into one action, provided for pleadings *de novo* in that action, and in the exercise of its discretion made what seems to be an equitable provision as to the costs of the actions thus consolidated.

If it be conceded that the practice adopted is not technically regular, we do not understand how the appellants could possibly be injured by it, or what advantage would have accrued to them had the court, instead of consolidating the actions, stayed proceedings in or dismissed three of them. If the appellants are not injured by the alleged irregular practice (and we think they are not), it is no ground for reversal of the order of consolidation.

But we do not think the consolidation is irregular. We cannot doubt that the power inheres in a court of equity, in its discretion, to consolidate causes pending therein for the purpose of avoiding a multiplicity of suits and trials, when the consolidation can work no injury to any party. This power is essential to the proper administration of justice, and does not depend upon any statute for its existence. Counsel for appellants claim there are many limitations of the power, indeed deny that it pertains to a court of equity, but we think they take too narrow a view. There is some apparent conflict in the cases on the subject, some of them holding certain limitations on the power which others reject. We shall not attempt to review or reconcile the cases, but must determine the question on what seems to us the better reason. So on these appeals we cannot hesitate to hold that, inasmuch as the results of a consolidation of the four causes must be attained in some manner, and can be attained by consolidation without injury to any party, and inasmuch as the power to consolidate these causes inheres in the court, it was not irregular or erroneous thus to consolidate them.

It may be added that our statute on the subject contains

no limitation which interferes with the power of the court to make the consolidation. R. S. sec. 2792. The statute reads thus: "When two or more actions are pending in the same court which might have been joined, the court, or a judge, on motion, shall, if no sufficient cause be shown to the contrary, consolidate them into one by order." Every condition of the statute is here present. We have two or more actions pending in the same court which might have been joined. A motion is made to consolidate them into one action, and no sufficient cause has been shown to the contrary. The case of *Winninghoff v. Wittig*, 64 Wis. 180, cited on behalf of appellants, is not opposed to the above views. It was there held that cross-actions cannot be consolidated, for the very conclusive reason that in their very nature they cannot be joined in one action. It was not there intended to be held that the parties to each of the actions proposed to be consolidated must necessarily be the same. Such is not our statute, and we find no authorized restriction upon the power of the court in that behalf. The order of consolidation must therefore be affirmed on each appeal.

*By the Court.*— Order affirmed.