M. J. FAIVRE *et al.*, Appellants, v. EMALINE GILLMAN *et al.*, Appellees.

1. **Pleading**: MISJOINDER OF ACTIONS. An action at law upon an account, a proceeding to have one adjudged insane, and an action in equity to set aside a conveyance of real estate as void as against creditors, cannot be joined in the same petition, under section 2630 of the Code, permitting the joinder of "causes of action, of whatever kind, where each may be prosecuted by the same kind of proceedings."

2. ———: MISJOINDER OF PARTIES. The owners of several separate accounts, not reduced to judgment, cannot unite in a creditor's bill to subject property unlawfully conveyed to the judgments they may recover in such action, even though the common debtor be insane, and no personal judgment can be obtained against him for that reason.

3. ———: ———. Sections 2632 and 2633 of the Code, providing, that any cause of action improperly joined may, before defense, be stricken out on motion, and that objections to the misjoinder of causes of action shall be deemed waived unless made by motion, do not apply where there is a misjoinder of parties as well as of causes of action.

*Appeal from Marion District Court.*—HON. J. H. HENDERSON, Judge.

FRIDAY, FEBRUARY 5, 1892.

THE defendants' demurrer to the plaintiffs' petition and amendments being sustained, the plaintiffs elected to stand upon their petition, whereupon judgment was entered against them for costs, from which they appeal. *Affirmed.*

*L. Kinkead*, for appellants.

*Hayes Bros.* and *Theo. West*, for appellees.

GIVEN, J.—The petition and amendments thereto show that M. J. Faivre, D. T. Fall and M. J. Stilwell, as plaintiffs, bring this action against Emaline Gillman, Peter Gillman and Christina Pearson as defendants.

They allege that Christina Pearson is indebted to the plaintiff Faivre, on account set out, for visits and medicines, and for time spent in preparing papers and moving goods, eighteen dollars; to the plaintiff M. J. Stilwell, on account set out for merchandise, boarding, work, etc., three hundred and ninety-eight dollars and sixty-seven cents; and to plaintiff D. T. Fall, on account set out, for boarding, work, etc., one hundred and twenty-five dollars and forty-five cents. It is alleged, by way of amendment, that the plaintiffs' cause of action is based upon the several accounts or individual claims against the said Christina Pearson, and which were assigned in parol, after the commencement of the action, to M. J. Stilwell, "with the understanding and agreement that said cause should proceed in the name of the parties as shown in the title of said action at the commencement thereof. That the interests assigned to the said Stilwell by her co-plaintiffs were the accounts in suit and whatever other rights of action or cross-demands they may have against the defendants or either of them. That, as said creditors of the defendant Pearson, they are still interested in this suit to the extent that their claims on their respective accounts against her may not fail, and that their interests therein may be secured to the said M. J. Stilwell." The relief asked as to these accounts is "that an accounting be had of the indebtedness of the said Christina to these plaintiffs respectively, and that the several amounts due them be found." The plaintiffs also alleged that Christina Pearson is of unsound mind, and they pray "that a jury be first impanelled for the purpose of inquiring into the unsoundness of mind of the said Christina, and to inform the court by verdict as to that fact, and, if found of unsound mind, then that a guardian be appointed for her." They further allege that on the fourth day of December, 1889, the said Christina Pearson, being then of unsound mind, did, at the solicitation of the other defendants, and without any consideration therefor,

execute to Emaline Gillman a deed for certain land described, being all the property she owned; that the plaintiffs' claims were then due and unpaid; and that Emaline Gillman accepted said deed and property knowing that it was all said Christina had with which to pay said debts. The deed, as set out, shows that it was in consideration of love and affection and future support. The relief asked as to the deed is that it be set aside; that the defendants be ordered to turn over to the guardian all property had of the said Christina; and that the guardian be ordered to pay the plaintiffs' accounts out of the personal effects of the said Christina, and, if that is insufficient, that he be ordered to sell as much of the real estate as may be necessary. Nothing whatever is alleged as to Peter Gillman except that the deed was made and personal property delivered by Christina to Emaline "at the solicitation of the other defendants." The grounds of demurrer are that there is a misjoinder of causes of action and of parties; that, the plaintiffs having no judgment upon which execution could issue, there is nothing upon which an action to set aside the deed can be based, and that the plaintiffs are not entitled under the showing made to the relief demanded, or to any relief.

I. We first inquire whether there is a misjoinder of causes of action. It will be seen by the foregoing statement that the petition sets out what, 1. Pleading: misjoinder of actions. standing alone, would be three separate actions at law on the several accounts against Christina Pearson, unless the alleged parol assignment is such as to authorize M. J. Stilwell to maintain the action on the three accounts. In that event, we have but one law action. The petition also shows what, taken alone, is a petition under the Code against Christina Pearson, asking that she be adjudged of unsound mind, and that a guardian be appointed. The plaintiffs also allege what, taken alone, shows a cause of action in equity to set aside the deed to

Emaline Gillman, for a restoration of the property conveyed, and that it be subjected to the payment of the accounts sued upon. The appellants' contention is that the main issue is an equitable one, and the others, though relative, are only incident thereto, and are therefore triable with the equitable issues. They cite *Franklin Ins. Co. v. McCrea*, 4 G. Greene, 229, and *Young v. Tucker*, 39 Iowa, 596, and other cases, to the effect that a court of equity, having acquired jurisdiction for one purpose, may be invested with jurisdiction for other purposes, even when they pertain in part to courts of law; that equity will not send a party to bring a new suit when it has jurisdiction, but will mete out full and complete relief. The answer to this claim is that, if there is a misjoinder of causes of action, a court of equity has not jurisdiction of the case as thus presented. Section 2630 of the Code is as follows: "Causes of action, of whatever kind, where each may be prosecuted by the same kind of proceedings, provided that they be by the same party and against the same party in the same rights, and if suit on all may be brought and tried in that county, may be joined in the same petition; but the court, to prevent confusion therein, may direct all or any portion of the issues joined therein to be tried separately, and may determine the order thereof." These causes of action may not be prosecuted by the same kind of proceedings. *Stevens v. Chance*, 47 Iowa, 602.

II. We next inquire whether there is a misjoinder of parties. The parol assignment of the accounts reserves to the assignors all the interest they ever had in their respective accounts, and therefore presents the case of the owners of three separate accounts joining in one action thereon. Several judgment creditors may join in a creditors' bill to subject property to the payment of their judgments. *Gorrell v. Gates*, 79 Iowa, 632. These plaintiffs are not judgment creditors, and are therefore not within the

2. ——: misjoinder of parties.

rule that allows such to maintain a creditors' bill.   The
appellants claim, as exceptions to the rule requiring that
the creditor must have a judgment, cases wherein
judgment cannot be obtained, as where the debtor is
dead or has absconded; and that because of the
alleged insanity this case is within the exception.
Section 3150 of the Code does not recognize such an
exception, but expressly provides that an action by
equitable proceedings to subject property must be after
judgment.   These plaintiffs, not being judgment cred-
itors, have not only no right to join in a creditors' bill,
but no right to maintain one.   Neither of these causes
of action is "by the same party and against the same
party in the same rights."   The rights of the plaintiffs
are separate and distinct.   Emaline Gillman is not a
proper party to the law action, and, for anything that
appears, Peter Gillman is not a proper party to either,
as nothing is alleged against him, unless we may infer
that he is the husband of Emaline.   It is true, as
quoted, that equity abhors a multiplicity of suits; but
it equally abhors such a joinder of causes of action
and of parties as is here presented.

III. The appellants' further contention is that by
filing the demurrer the appellees waived all objections

3. ——: ——.      relating to the joinder of the causes of
action and of the parties, and cites sections
2632 and 2633 of the Code, providing that before
defense the court may on motion strike out any cause
of action improperly joined, and that objection to the
misjoinder of causes of action shall de deemed waived
unless made by motion.   In this case there is a mis-
joinder of parties as well as of causes.   In *Cogswell v.
Murphy*, 46 Iowa, 44, it is held that these sections do
not apply when there is a misjoinder of causes and
of parties.   *Miller v. Keokuk & D. M. Ry. Co.*, 63
Iowa, 680, is not in point, as in that case the objection
to the joinder was first raised by motion in arrest of
judgment.

By reason of the misjoinder of causes and parties the plaintiffs are not entitled to the relief demanded, wherefore the demurrer was properly sustained on the fifth ground thereof.

Our conclusion is that the demurrer was properly sustained, and that the judgment of the district court should be AFFIRMED.