MICHAEL DUGGLEBY et al., Appellees, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY et al., Appellants.

No. 41288.

Cook & Balluff, J. G. Gamble, and A. B. Howland, for appellants.

Smith & Swift, for appellee Rudolph Frahm.

Betty & Betty, for plaintiffs, appellees.

Evans, J.—The defendant C., R. I. & P. Railway Company assailed the petition by proper motion on the ground of misjoinder of parties-plaintiff and of causes of action. This motion was overruled and complaint is made of such ruling.

It appears from the record that one of the branch lines of the Railway Company was abandoned in the year 1925 by appropriate direction and order of the Interstate Commerce Commission. The Railway Company owned its right of way as an easement and not in fee simple. By reason of such abandonment the owners of the various tracts of land from which the right of way had been carved, each claimed a reversion under Section 7862 of the present Code. The claim of each plaintiff was directed to a particular tract and the right claimed therein by each plaintiff was exclusive. No plaintiff claimed any interest in any part of the right of way jointly with any other plaintiff. The legal effect of the suit, as brought, was to consolidate and try in one equity action sixteen quieting title suits as to

sixteen separate tracts of real estate, each and all of which had been previously held by the defendant Railway as a part of its right of way. Before proceeding to a consideration of the issues later made by the pleadings of the parties, we will first consider the question of misjoinder. Section 10969 provides as follows:

"*Plaintiffs joined.* All persons having an interest in the subject of the action, and in obtaining the relief demanded, may join as plaintiffs, except as otherwise provided."

It is manifest that each of the plaintiffs herein could have maintained his separate action against the same defendant for the same remedy without the necessity of joining any other plaintiff. The claim of each plaintiff is absolute and exclusive of the rights of all other persons. The question raised at this point is whether in such a case, all of the plaintiffs herein have an "interest in the subject of the action and in obtaining the relief demanded." If this were a law action, a misjoinder would clearly appear. But the action is properly brought in equity. The powers of the chancellor in such a case have always been regarded as very broad and to some extent discretionary. If these sixteen plaintiffs had brought their sixteen suits, each to quiet his own title, and had brought them in the same court, the power of the chancellor to consolidate them and to try them as one action upon the same record would be quite manifest, under the general rules prevailing in equity. We have in our previous cases several illustrations of the application of such rule. In Cox Shoe Company v. Adams, 105 Iowa 402, several creditors in the first instance commenced actions of replevin against a common debtor and against the mortgagee of such debtor to recover the goods which each had sold to such debtor. The right to recover was predicated in each case upon the alleged fraud of the debtor in obtaining the goods. These several actions were consolidated into one suit in equity, wherein each vendor became a party plaintiff, praying to set aside the mortgage and that the goods of each creditor be restored to him. The procedure was challenged as a misjoinder, and received our consideration on appeal. In that case we said:

"Such an objection might be urged with greater force were they on the law side of the calendar. The important inquiry in equity, however, is with respect to the identity of the subject

matter involved. The aim is to bring in all the parties in interest, and suits will be consolidated without especial regard to the identity of parties. This is because of the power of such a court to make appropriate orders, according each party exact justice. * * * Biron v. Edwards, 77 Wis. 477 (46 N. W. Rep. 813). In the last case it is said: 'We cannot doubt that the power inheres in a court of equity, in its discretion, to consolidate causes pending therein, for the purpose of avoiding a multiplicity of the suits and trials, when the consolidation can work no injury to any party. This power is essential to the proper administration of justice, and does not depend upon any statute for its existence.' * * * Under such circumstances, it would have been an inexcusable waste of time to have tried each action separately, and unnecessary cost would have been incurred. We think there was such identity of interest, of subject matter, and of parties as to warrant a court of equity, in order to avoid a multiplicity of suits, to order their consolidation.''

In Gorrell v. Gates, 79 Iowa 632, several creditors joined in one suit in equity against their common debtor to subject property of their common debtor to the payment of their several judgments. We said in that case:

''The question presented by that ruling is whether the averments of the petition show that the plaintiffs have such a common interest in the relief sought as entitles them to join in this action. * * * Sec. 2545 [10969] of the Code is as follows: 'All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except where it is otherwise provided in this Code.' Persons having an interest in the matter in litigation, in the success of either of the parties to the action, or against both, are entitled to intervene, and, in a proper case, may unite with the plaintiff in claiming what is sought by the petition. Code, Section 2683 [11174]. It is the policy of the law to avoid a multiplicity of suits, and an identity of interests is not always required to entitle persons to join as plaintiffs for the purpose of obtaining relief to which they are entitled. It was said in De Louis v. Meek, 2 G. Greene, 64, that, 'where there is unity in interest as to the object to be attained * * * the parties seeking redress in chancery may join in the same complaint and maintain their action together. In such a case, it is within the province of a

court of chancery to mete out to each and all of the complainants their rights, on the principle of sound equity.' In that case the complainants claimed distinct interests in real estate, but desired the same relief, to wit, the setting aside of a decree in partition alleged to have been fraudulently procured. The rule stated in the quotation was approved in Powell v. Spaulding, 3 G. Greene, 461, and in Brandirff v. Harrison Co., 50 Iowa 165. In the case last cited, it was held that the different owners of separate tracts of real estate could join in an action to restrain the collection of a tax illegally levied thereon. The rule was again approved in Palo Alto Banking, etc., Co. v. Mahar, 65 Iowa 75, an action to restrain the conveyance of certain lands. In Gates v. Boomer, 17 Wis. 455, the right of the separate owners of judgments to join in an action to set aside a conveyance of the judgment debtor alleged to have been fraudulently made was affirmed. In Meyers v. Fenn, 5 Wall. 205, it was said that 'the practice of permitting judgment creditors to come in and make themselves parties to the bill, and thereby obtain the benefit, assuming at the same time their portions of the costs and expenses of litigation, is well settled.' "

In Bushnell v. Robeson, 62 Iowa 540, several plaintiffs who owned their lands in severalty joined in a suit in equity as plaintiffs to enjoin a nuisance which interfered with the enjoyment of their property. We said therein:

"Although the plaintiffs separately own the property on which they reside, we are of the opinion that they can unite in asking the relief sought. Robinson v. Baugh, 31 Mich. 290; Brandirff v. Harrison Co., 50 Iowa 164; Robbins v. S. C. Turnpike Co., 34 Ind. 461; Trustees v. Cowen, 4 Paige 510; High on Injunctions, First Edition, Sec. 748."

In Brandirff v. Harrison Co., 50 Iowa 164, several plaintiffs who were owners of land in severalty joined in a suit of equity to enjoin the collection of tax on the ground of its illegality. The procedure was challenged for misjoinder. We said therein:

"Counsel for appellant cite Rhoads v. Booth, 14 Iowa, 575 [cited by appellant in this case], and Fleming v. Mershon, 36 Id., 413, as being in principle opposed to such joinder of parties. In the first named case it was held that two or more persons could not maintain a joint action for malicious prosecution.

It is evident that in such case each party must have a different measure of relief in damages, and there can be no unity of interest in the recovery. Separate verdicts and judgments would be required. Here each one has the same interest, seeks the same object, which is the cancellation of the alleged illegal tax. In Powell v. Spalding, 3 G. Greene, 443, it is said: 'The sum of the doctrine is that, where there is unity of interest as to the object to be maintained by the bill, the parties seeking redress in chancery may join in the same complaint, and maintain their action together.' "

In the same case we quoted from Cooley on Taxation, 545—546, the following:

" 'But when the illegality extends to the whole assessment, or when it affects in the same manner a number of persons, so that the question involved can be presented without confusion by one bill filed by all or any number of those thus affected, there seems to be no sufficient reason why a joint bill should not be permitted. The reasons favoring it are that it avoids a multiplicity of suits, and the attendant trouble and expense; and the objection that the interests of the complainants are several, is sufficiently met by the fact that complete justice may be done to all in one suit on the single issue. * * *' "

The appellant relies on the following cases in support of its contention of misjoinder: Miller v. Hawkeye Dredging Co., 156 Iowa 557; Faivre v. Gillman, 84 Iowa 573; Lewis v. Eshleman, 57 Iowa 633. We think each of the foregoing cases may be fairly distinguished from the cases relied on by the appellee and herein considered. But if otherwise, and if our cases may be said to be in conflict on the question of joinder, then controlling significance must be given to certain legislation, comparatively recent. Section 10970 is as follows:

"*United interests in equity.* Where two or more persons claim a right of recovery against the same party or parties on like causes of action cognizable in equity, they may join as parties plaintiff, and relief may be granted to each according to his interest."

This statute was enacted in 1924, and we have had no occasion to consider it hitherto. It may be interpreted as somewhat

782

declaratory of previously existing law. It must be interpreted as settling the law for the future. And this is especially so if our past cases are inconsistent on the subject. Under this section there can be no fair question as to the propriety of the joinder in the case at bar.

■ II. We come therefore to a consideration of the appeal of the Railway in the main case. The answer of the defendant Railway Company to the petition was in the nature of a disclaimer. It averred that such defendant had no interest in the controversy, in that it had sold and conveyed the property to the defendant Rudolph Frahm. Notwithstanding its disclaimer it did follow the same with an averment of Frahm's ownership of the property, and it did aver that the plaintiffs had no right to challenge the title of the Railway Company until after the expiration of eight years' abandonment, and it averred again the misjoinder. These affirmative averments served no apparent function other than to becloud the alleged title of the plaintiffs notwithstanding this defendant's disclaimer. Such was the condition of the pleadings as between the plaintiffs and this defendant. The defendant Frahm filed no answer to the petition. Upon the eve of the trial, as between the plaintiffs and this defendant, it filed a cross-petition against its codefendant Rudolph Frahm, wherein it averred that by mutual mistake ·it had executed to said Frahm a warranty deed of the property, whereas only a quitclaim deed was bargained for, and only a quitclaim deed was intended. To this cross-petition the defendant Rudolph Frahm filed an answer and cross-bill, denying the alleged mistake and claiming to recover upon the warranty in the event that the plaintiffs prevailed in the action. In this state of the pleadings the case proceeded to trial upon the petition of plaintiffs and the answer thereto of the defendant Railway Company. The trial of the issue as between the two defendants was postponed and so far as appears herein has not been tried. Upon trial of the issues tendered by the petition of plaintiffs, the trial court found in their favor as prayed, and established the title of each plaintiff to the particular tract claimed by him. From this decree the defendant Railway Company purported to appeal. The defendant Frahm has not appealed. The judgment against him has therefore become a verity. The first question which naturally arises is, What is the purpose or the legal

effect of the appeal of the defendant Railway Company? What does it appeal from? The decree established the title of the plaintiffs, and held in effect that the defendant Railway had none. Such was the effect of its own pleading. The plaintiffs might well have taken it at its word, and dismissed their case against it on its disclaimer. ·By the uncontroverted pleading and testimony the Railway Company divested itself of all interest in the property by its conveyance to Frahm. The decree, therefore, for the plaintiffs against the defendant Frahm is a complete remedy to them, and establishes their absolute and unqualified title. Inasmuch as Frahm has not appealed, the case is not reversible here as to him. If not reversible as to Frahm, how can it be reversible as to the Railway Company? It may be surmised that it is indirectly interested in protecting itself as against liability upon its warranty deed. Upon that ground it could doubtless have intervened and set up such interest. In the protection of such interest it could have set up any defense that was available to Frahm. But it did not do so. It did, not purport to defend as a warrantor of title. It simply pleaded a disclaimer as the only defense in its own behalf. Its only pleading on the subject of warranty consists of its cross-petition against its grantee Frahm. It avers in such cross-petition that it is not liable as a warrantor, in that no warranty was due from it, and in that the same was included in the conveyance by mutual mistake. So far as its own attitude therefore is concerned, it has no title to the property and claims none, either as against the plaintiffs or its codefendant; and it has no interest as a non-warrantor to protect the title of the defendant Frahm. Upon the record, the decree took nothing from this defendant, and a reversal of it could award it nothing, unless it be on the question of costs. In the absence of an appeal by Frahm, the decree must be affirmed as to him. To reverse the same as to the defendant Railway would operate only to create another cloud upon the title thus adjudicated in the plaintiffs.

The decree is accordingly affirmed as to both defendants.— Affirmed.

All the justices concur.