BENJAMIN A. MAYOR, Appellant, *v.* BENJAMIN S. COFFIN et al., as Executors, etc., Respondents.

The Supreme Court has no power under the Code of Civil Procedure (§ 817) to consolidate two actions for partition, where the subject of the one is land situate in one county, and of the other land in another county, and where one or more of the parties to the one are not parties to or interested in the subject of the other action.

(Argued October 24, 1882; decided October 27, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made September 12, 1882, which affirmed an order of Special Term consolidating two actions for partition.

The subject of one action was lands situate in the city and county of New York, of the other lands situate in Kings county. Two of the defendants in the former action were not parties to and had no interest in the subject of the latter action.

*Abram Kling* for appellant. The court had no power against the objection of the parties in interest to change the place of trial of a local action which is brought for the partition of real property to a county other than where the land is situated. (Code, §§ 982, 987; *Bush* v. *Treadwell*, 11 Abb. [U. S.] 27; *Birmingham Iron Foundry* v. *Hatfield*, 43 N. Y. 224; *Leland* v. *Hathorn*, 42 id. 547; *Gould* v. *Bennett*, 59 id. 124; *Wood* v. *Hollister*, 3 Abb. 14.) As Lane and wife have opposed the change of place of trial to Kings county, a judgment entered in the said county would be void as to them, and plaintiff's proceedings irregular, and a judgment founded upon the order for consolidation is void, and a title upon a sale invalid. (Code, §§ 1542, 1543.) The court had no power to consolidate the actions by virtue of any provision of the Code. (Code, § 817; *Kipp* v. *Delameter*, 58 How. 183; *Beach* v. *Ruggles*, 6 Abb. N. C. 69; *Manault* v. *Bush*, 3 Law Bul. 66.)

*A. Simis, Jr.,* for respondents.

*Per Curiam.* The order of consolidation must be reversed because the Special Term had no power to make it. The authority to consolidate actions is given by section 817 of the Code, and permits it only where both actions are pending between the same plaintiff and the same defendants for causes of action which might have been joined. That is not the case here. The actions were for partition. The subject of one action was land in the city and county of New York, and of the other land in the county of Kings; and two of the defend-

ants, Lane and wife, in the New York action, were not parties to the Kings county action, and had no interest in the subject of the latter action. By the consolidation they are exposed to the possible costs and expenses, and the delays of a litigation in another county in which they have no interest. In such a case the consolidation does not consolidate. The two actions remain two, and cannot become one. All that is effected is an improper change of the place of trial from New York to Kings, and a concurrent trial of two actions, having neither the same parties, nor the same subject of action. The Code does not authorize such a proceeding.

The order of the General Term and of the Special Term should be reversed, with costs.

All concur, except RAPALLO, J., absent.

Orders reversed.