NEW YORK EASTERN CHRISTIAN BENEVOLENT & MISSIONARY SOCIETY *v.* BISHOP *et al.*

(*Supreme Court, General Term, Third Department.* December 11, 1889.)

1. MORTGAGES—FORECLOSURE—RESALE—FRAUD.

Prior to a mortgage foreclosure sale an agent of the mortgagee agreed to bid off the property for the mortgagors for $2,050, but instead of doing so he bid it off for himself for $1,500. *Held,* that an order refusing to confirm the sale, and granting a resale on the filing of a bond by the mortgagors conditioned that on a resale the property should bring $2,000, was properly granted.

2. SAME—TRANSFER BY PURCHASER.

The court cannot be prevented from passing on the propriety and justice of a sale by reason of transfers made by the purchaser before its confirmation.

Appeal from special term, Albany county.

Action by the New York Eastern Christian Benevolent & Missionary Society against Joshua F. Bishop and others. From an order refusing to confirm the referee's report of sale, and granting a resale on the filing of a bond by defendants that the property should bring at least $2,000 at such resale, plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and FISH, JJ.

*Springsted & Tompkins,* (*Jacob H. Chute,* of counsel,) for appellant. *Van Alstyne & Hevenor,* (*T. J. Van Alstyne,* of counsel,) for respondents.

LEARNED, P. J. The order refusing to confirm the sale, and granting a resale, was properly granted. It was largely a matter of discretion in the special term, with which we should in any case be reluctant to interfere. But, further, we are of opinion that the discretion was wisely exercised. The Bishops are owners (or owners in common with others) of the equity of redemption. They had made an arrangement with Green, who was agent for plaintiff, that he should bid off the property for them at $2,050. A short time before the sale, when it was too late to make other arrangements, he informed them that he should not bid for them, but for himself. He bid off the property for $1,500. This was much less than the amount payable on the mortgage. There was some subsequent negotiation between him and them for a sale to them at $2,000. But before this was perfected, and even before the referee's deed was given, he informed them that he had sold to another person, and would not carry out the proposed arrangement. The Bishops have given a bond as required by the order, conditioned that on a resale the property shall bring $2,000. The only appellant is the plaintiff. As the plaintiff by such resale will get $500 more upon its mortgage than it obtained on the former sale, it is difficult to see what ground of complaint it has. Something is said on the argument of the plaintiff's liability to the purchaser from Green. It is not shown that Green purchased for the plaintiff, or that the plaintiff adopted his sale, or that plaintiff sold to the purchaser.

Objection was made to the confirmation of the sale, when a motion for confirmation was made; and Green and the purchaser from him should have taken notice that the sale had not been confirmed, and might not be confirmed. The court cannot be prevented from passing upon the propriety and justice of the sale by transfers made prior to the confirmation.

At any rate, the only party appealing is the plaintiff, and the matter must be decided as between plaintiff and the Bishops. Evidently they were misled, perhaps not intentionally. As owners, in part at least, of the equity of redemption, they had a right to have the land bring its full price. The court

is always ready to secure to owners of the mortgage land a fair sale, at full value, if this be possible. This is especially so when the purchaser at a sale is the plaintiff or the plaintiff's agent. It is not necessary to consider the objections to evidence given before the referee. The undisputed facts are enough to justify the order.. The rules of evidence governing trials are not applied in their full force to special motions. Order affirmed, with $10 costs and printing disbursements. All concur.