WOOSTER *v.* CASE *et al.* VIBBARD *v.* SAME. RAMSDILL *v.* SAME, (two cases.)

(*Supreme Court, General Term, Third Department.* November 26, 1890.)

1. CONSOLIDATION OF ACTIONS—PARTITION—FORECLOSURE.

Where two plaintiffs bring separate actions for the partition of the same lands, one claiming an entire one-third interest under a will, and the other a one-ninth interest as co-heir with the first plaintiff and another, of the alleged testator, the two actions cannot be consolidated under Code Civil Proc. N. Y. § 817, permitting the court in certain cases to consolidate two or more actions in favor of the same plaintiff against the same defendant.

2. SAME.

Two actions were at the same time pending to foreclose mortgages on land sought to be partitioned, but (whether by mistake or design did not appear) the first mortgage covered a strip five feet wide on the east not included in the other, and the other covered five feet on the west not included in the first. Both mortgagees were parties to the first partition action, and, after the second partition action was commenced, both assigned their mortgages to the person who brought the separate actions to foreclose. *Held*, that the two foreclosure actions should not be consolidated.

Appeal from special term.

The court below ordered the consolidation of two actions for partition, and two actions for foreclosure of mortgages, so as to make one action for parti-

tion and one action for foreclosure. Code Civil Proc. N. Y. § 817, provides that "where two or more actions in favor of the same plaintiff against the same defendant, for causes of action which may be joined, are pending in the same court, the court may, in its discretion, by order, consolidate any or all of them into one action."

Argued before LEARNED, P. J., and LANDON, and MAYHAM, JJ.

*Edgar T. Brackett*, for appellants. *Jesse Stiles*, for respondents.

LEARNED, P. J. The first and second of these actions are brought for partition; the third and fourth for foreclosure,—the third, of what may be called the "Waterbury mortgage of 1875;" the fourth, of what may be called the "Newman mortgage of 1874." These two mortgages seem to include somewhat different pieces of property, inasmuch as the mortgage of 1874 seems to cover a strip of land five feet wide on the east side of the lot, not covered by the mortgage of 1875; and the mortgage of 1875 seems to cover a strip of land five feet wide on the west side of the lot not covered by the mortgage of 1874. Whether this is an accidental mistake or not does not appear. The descriptions in the two partition cases are alike in substance; but, as in those suits the land is only described by the adjacent owners, we cannot tell whether it coincides with the one or with the other of the mortgage descriptions, or with neither. At any rate, it includes each. The first action was commenced April 3, 1890; the second, June 3, 1890; the third and fourth, June 12, 1890. The partition actions are brought to partition property which belonged to Sally Ann Moody, at her death, September 11, 1876, and which she devised. Under her will, as is claimed, Elisa P. Vibbard, or her heirs, took a fee in remainder in one-third of the property after the life of a life-tenant, who died March 30, 1890. Elisa P. Vibbard died September 5, 1883. The plaintiff in the first action claims that she, by the will of Elisa P. Vibbard, inherited the one-third aforesaid. The plaintiff in the second action claims that he and his brother Noah C. and said plaintiff in the first action inherited said third under the terms of the will of Sally Ann Moody, inasmuch as the said Elisa P. Vibbard died before the said life-tenant. A defendant James N. Case claims that as he is the only one of the devisees named by Sally Ann Moody who survived the life-tenant, he took the whole of the property. The Vibbards were not made parties to the first action. Issue had not been joined in the second, third, or fourth action when the plaintiff in the first action moved the court to enjoin the prosecution of the second, third, and fourth actions. On that motion the court ordered that the first and second actions should be consolidated, and that the plaintiff in the second be regarded as defendant in the first, and the action be continued in the name of the plaintiff, and that the third and fourth be consolidated, with leave after answer served to move for consolidation of the consolidated actions for stay of proceedings. Vibbard, the plaintiff in the second action, and Ramsdill, the plaintiff in the third and fourth, appeal.

We shall not decide on this appeal what is the proper construction of the will of Sally Ann Moody.

It will be seen that the plaintiff in this motion did not move to consolidate, but to stay proceedings, (probably meaning this by the word "enjoining.") The court did not grant such stay, and it was probably held that, as answers had not been served in all the actions, the motion was for a stay premature. We think that the consolidation of the two partition actions was not authorized by section 817 of the Code of Civil Procedure. The actions were not in favor of the same plaintiff, nor against the same defendant. *Mayor v. Coffin*, 90 N. Y. 312. Nor could the court by such an order make the plaintiff in the second a defendant in the first. Code Civil Proc. § 416, 1 Burn, Pr. 234. Very possibly, Vibbard might have applied to the court, under section 452, to direct the plaintiff in the first action to make him a party; and we do not see

why this was not the proper course for Vibbard to take, rather than to cause the expense and trouble of a second action. So, too, if the plaintiff in the first action had offered to make the two Vibbards parties defendant, the court might, at the proper time, have stayed any further proceedings in the second action. Certainly, these two partition actions should not be pending, when all parties can be brought into one, and due partition made therein. But consolidation was not the proper remedy. We do not say, however, and are not prepared to hold, that in a proper case equitable actions cannot be consolidated. In *Mayor* v. *Coffin*, 90 N. Y. 312, the right to consolidate partition actions, under proper circumstances, was not questioned. There is only one form of action now. Section 3339 and section 817 make no exceptions. The remarks in *Bech* v. *Ruggles*, 6 Abb. N. C. 69, that the language of the Code is the same with that of the Revised Statutes, pt. 3, c. 6, tit. 6, art. 4, § 36, and that that section was never applied to equitable actions, has no force. That section is in a chapter "Of proceedings in personal actions brought for the recovery of any debt, or for damages only." . Of course, the provisions of that chapter did not apply to equity actions. The court of chancery and its jurisdiction were treated of in chapter 1, tit. 2, of the same part. But no such distinction now exists between equitable and other actions, and we are not disposed to limit the power of this court, in a proper case, to consolidate any actions, whether they be such as were formerly called "legal," or such as were formerly called "equitable." There would be no good sense in any such limitation. That there might be different defenses in the two actions is a circumstance which might exist in two actions on promissory notes, and is not a reason against consolidation, or at least not a fatal reason. Multiplicity of actions was never favored in a court of equity, and it has often sustained actions to prevent that evil. Whether it would be wise in any particular case to consolidate foreclosure actions is another question. In regard to the two foreclosure actions, it appears, as above stated, that they do not cover precisely the same piece of land. Why this is, whether there is an error in the description, or what is the cause, we do not know. If the two actions affected the same piece of land, we see no reason why the court should not stay the proceedings on the second incumbrance. The rights of the second incumbrancer would be secured by his lien on the surplus money after the sale, and certainly two foreclosures should not, unless in an unusual case, be permitted to proceed at the same time on the same property.

But, under the circumstances, we think it would not be proper that there should be a consolidation of the foreclosure actions. Of course, as costs are in the discretion of the court in such actions, it will be in the power of the court to deny costs in one, or even in both, of the actions, should the court be of the opinion that the actions had been unreasonably commenced. It would seem from the papers that, when the first action was commenced, both of the mortgages were held by persons made defendants to said action; and that such defendants set up said mortgages in their respective answers, and claimed to be owners thereof; and that the same defendants were owners severally of these mortgages when the second action was commenced, and that afterwards they severally assigned the same to said plaintiff Ramsdill. The same attorneys appeared for the plaintiff in the second, third, and fourth actions. So that Ramsdill is chargeable with knowledge of the second action. If the plaintiff in the first action had made, or if she should make, the two Vibbards defendants, we see no reason why the proceedings in the second, third, and fourth actions should not all be stayed until the decision of the first. The two mortgages are prior to the rights of the heirs, and would have to be paid from the avails, whether they cover the same property or not. But it does not seem to us wise on this appeal to attempt to adjust the matter. We leave the plaintiff to such future action as may be advised. The order appealed from is reversed, without costs, and with leave to plaintiff in the first action to renew her motion as she may be advised.