(69 Misc. Rep. 267.)

### DE LANCEY v. HEYLMAN et al.

(Supreme Court, Special Term, New York County. October, 1910.)

PARTITION (§ 13*)—PROPERTY SUBJECT.

　　　Under Code Civ. Proc. § 1532, providing that, where two or more persons hold and are in possession of realty as joint tenants or tenants in common, in which either of them has an estate of inheritance, or for life,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or for years, any one or more of them may sue for partition thereof, partition can be sought in one action of only such separate parcels of land as are owned in common by all the owners; each defendant having an interest in each and every parcel.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 36; Dec. Dig. § 13.*]

Action by Grace De Lancey against Henry B. Heylman, individually and as executor of Harriet A. Heylman, and others. On demurrers to the complaint. Demurrers sustained.

Gustave Frey and E. D. Miner, for plaintiff.
Richard Krause, for defendant Henry B. Heylman.
Arthur Watson, for defendant Emma Adel Heylman.

BRADY, J. The complaint herein, besides other relief, seeks the partition or sale of three separate parcels of land, numbered therein parcels 1, 2, and 3. It appears therefrom that the plaintiff and the defendants Emma A. Heylman and Henry B. Heylman are each seised in fee of an equal undivided one-third part of or interest in parcels Nos. 1 and 3, and that parcel No. 2 is owned by the plaintiff and the defendant Emma A. Heylman alone; one-third being vested in plaintiff and two-thirds in the defendant Emma A. Heylman, the defendant Henry B. Heylman not being a tenant in common with plaintiff therein. The defendants Emma A. Heylman and Henry B. Heylman appear by separate attorneys and interpose separate demurrers to the complaint, upon the ground that causes of action have been improperly joined therein, in that, although not separately numbered, the complaint states one cause of action for the partition or sale of parcels 1 and 3, which are owned by plaintiff and the two defendants named above, and another cause of action for the partition or sale of parcel No. 2, which is owned by the plaintiff and the defendant Emma A. Heylman only.

I am of the opinion that the demurrers are well taken; in other words, that partition can be sought in one action of only such separate parcels of land as are owned in common by all the owners, each defendant having an interest in each and every parcel. It was so held in Jackson v. Myers, 14 Johns. 354, and this doctrine was cited with approval in Beach v. Mayor, 45 How. Prac. 370. Similar doctrine is held in Mayor v. Coffin, 90 N. Y. 312. The right of action for partition or sale of real property is provided for by section 1532 of the Code of Civil Procedure, and I find nothing therein, nor elsewhere, that changes the rule. The demurrers are therefore sustained, but leave is granted to the plaintiff, if she so elect, to divide this action into as many actions as may be necessary for the proper determination of the causes of action stated in the complaint herein. Settle order on notice.

Demurrers sustained.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes